**UNITED STATES of America and John DeZelar, Revenue Agent, Internal Revenue Service, Appellees,**

v.

**Lyle MILLER as Director and Trustee of Basic Bible Church of America and Basic Bible Church of America and Jerome Daly, Appellants.**

No. 80–1237.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1980.

Decided Nov. 7, 1980.

Jerome Daly, pro se.

Robert J. Bruno, Burnsville, Minn., for Basic Bible Church of America.

William A. Whitledge, Atty., Tax Division, Dept. of Justice, Washington, D. C., for appellees.

---

Before LAY, Chief Judge, HEANEY, Circuit Judge, and PORTER,* District Judge.

PER CURIAM.

This is an appeal from two orders of the district court, issued on February 7, 1980, and March 14, 1980, holding the Basic Bible Church of America (Church), and its current president, Jerome Daly,[1] in contempt of court for failure to comply with a district court enforcement order.

The Internal Revenue Service issued a summons in November, 1977, directing Lyle Miller, as director and trustee of the Church, to appear before an officer of the IRS and produce Church records pertaining to cash receipts and disbursements, balance sheets and financial statements, documents relating to the basic corporate structure of the Church, as well as records reflecting its religious principles and precepts. The district court ordered enforcement of the summons; that order was affirmed on appeal.[2] Mr. Miller still refused to comply, raising the Fifth Amendment right against self–incrimination. The United States thereafter timely moved for an order finding the Church and Mr. Miller in civil contempt.

A hearing on the government's contempt motion was held before a United States Magistrate on November 19, 1979. The magistrate recommended that the Church be held in civil contempt and fined $1,000 per day until it complied with the summons. Additionally, he recommended that the Church be ordered to show cause why its president, Jerome Daly, should not be imprisoned until he directs the Church to comply with the summons. The district court adopted the recommendation of the magistrate and orders issued accordingly.

The district court held its show cause hearing on March 7, 1980. Mr. Daly appeared specially on behalf of himself and the Church, contesting the court's personal jurisdiction and challenging the sufficiency of service of process on the Church. The district court, treating Mr. Daly's oral presentation as a motion to dismiss for lack of personal jurisdiction and a motion to quash service of process, denied the motions and ordered Mr. Daly imprisoned for failure to direct the Church to comply with the court's enforcement order. The order of imprisonment was stayed pending this appeal. We affirm the orders of the district court.

■ In *United States v. Miller*, 609 F.2d 336 (8th Cir. 1979), we determined that the district court had jurisdiction to order enforcement of the IRS summons. A fortiori, the district court had jurisdiction to issue a contempt order against the Church for failure to comply with that order. 26 U.S.C. § 7604(b); 28 U.S.C. § 1826.

■ Furthermore, we determine there is no merit to Mr. Daly's claim that, as president of the Church, he was never properly within the jurisdiction of the district court. After Mr. Miller resigned as director and trustee of the Church, the district court was faced with the problem of how to enforce the summons. It permissibly determined that the enforcement order could best be complied with by directing the Church's president to produce the summoned materials. Accordingly, the Church was ordered to show cause why its highest ranking officer, Mr. Daly, should not be imprisoned until he directed the Church to comply with the district court's enforcement order. Mr. Daly was duly served with the court's show cause order. He appeared at the show cause hearing and failed to produce the materials demanded by the court.

The Church was commanded to produce the materials required by the summons. It is a matter well settled that a command to a corporation or association is a command to

---

* The Honorable Donald J. Porter, United States District Judge, District of South Dakota, sitting by designation.

1. Lyle Miller resigned his position with the Church in January, 1979. The Church's highest ranking official presently is Mr. Daly.

2. *United States v. Miller*, 609 F.2d 336 (8th Cir. 1979).

those who are officially responsible for the conduct of its affairs. *See Wilson v. United States,* 221 U.S. 361, 375–376, 31 S.Ct. 538, 542, 55 L.Ed. 771 (1911); *N.L.R.B. v. Sequoia Dist. Council of Carpenters,* 568 F.2d 628, 633–634 (9th Cir. 1977); *United States v. Greyhound Corp.,* 363 F.Supp. 525, 571 (N.D.Ill.1973), *aff'd,* 508 F.2d 529 (7th Cir. 1974). *See also Backo v. Local 281, United Brotherhood of Carpenters & Joiners,* 438 F.2d 176, 180–181 (2d Cir. 1970).

As president of the Church, Mr. Daly is responsible for the conduct of its affairs. The district court properly ordered him to show cause why he should not turn over the required records. Good cause not being shown, Mr. Daly was properly ordered imprisoned.

The orders of the district court are affirmed.