**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jerome DALY, Daniel P. Hulsey, Coston Lee Whatley, Mathus G. Wilson, Jr., Stanley J. Klir, Jr., Wayne R. Chermack, Alfred A. Breath and Gerald S. Ross, Defendants-Appellants.**

**No. 83–1310.**

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1983.

Paul M. Koning (court-appointed), Dallas, Tex., for Daly.

Wayne R. Chermack, pro se.

Jerry D. Patchen (court-appointed), Houston, Tex., for Hulsey.

William M. Ravkind (court-appointed), Dallas, Tex., for Whatley.

Douglas W. Wright (court-appointed), Fort Worth, Tex., for Wilson.

Michael G. Parham (court-appointed), Jasper, Ga., for Klir and Ross.

Gerald M. Birnberg (court-appointed), Houston, Tex., for Breath.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, U.S. Dept. of Justice, Tax. Div., Washington, D.C., for plaintiff-appellee.

## ORDER

This case is before us on the government's Motion to Reconsider our order appointing counsel for the defendant, Jerome Daly. Daly represented himself during trial below, but upon filing a notice of appeal requested that he be permitted to proceed *in forma pauperis* and that the district court appoint counsel for purposes of his appeal. Because Daly refused at a post-trial hearing to answer questions with regard to his financial status, and would not permit the court to conduct an *in camera* examination of data concerning his financial position, the court found that he had not proved his eligibility for court-appointed counsel and denied his request.

Pursuant to Rule 2 of the Rule on the Fifth Circuit Plan Under the Criminal Justice Act, which provides the procedure to be followed when appointment of counsel under the Act is to be made for the first time on appeal, on July 22, 1983, Daly submitted an affidavit to this court asserting his inability to pay for counsel,[1] requesting to proceed *in forma pauperis* and asking that this court appoint counsel for him. On September 7, 1983, we granted Daly's request for appointment of counsel,[2] provided that he

---

1. Daly's affidavit averred, *inter alia,* that he was last employed in 1952 and is not currently employed except as a prison employee at $.11 per hour; that in the preceding 12 months he had received no income except $62.00 monthly pension from the Veteran's Administration; that his savings aggregate $500; that he owns no real estate or valuable personal property; and that he is $6,000 in debt.

2. Rule 2 provides in pertinent part:
   In cases where the appointment of counsel under the Act is to be made for the first time on appeal, the Clerk, before submitting the order of appointment to the appropriate Judge of this Court, shall request the party to execute a form of affidavit as to his financial inability to employ counsel. Upon the party's return of such affidavit, duly executed, the Clerk will serve a copy thereof upon opposing counsel, with advice that within fifteen (15) days after his receipt of same,

pay $450 in partial payment. *See* 18 U.S.C. § 3006A(f) (1976 & Supp. V 1981). We denied Daly's motion to proceed *in forma pauperis* as unnecessary. *See* 18 U.S.C. § 3006A(d)(6).

On October 7, 1983, the government filed the instant Motion to Reconsider our appointment of counsel for Daly, disputing in an attached affidavit Daly's claim of inability to pay, and asserting that he is not entitled to court-appointed counsel.[3]

Thus, this court is presented with conflicting affidavits with regard to whether Daly is in fact entitled to a court-appointed lawyer. Because Rule 2 of the Fifth Circuit Plan Under the Criminal Justice Act clearly contemplates the filing, at the appellate level, of counter-affidavits,[4] our resolution of the instant motion is intended to provide a framework for the disposition of similar issues in future cases.

In light of the fact that we do not have an established mechanism for determining issues of fact, and that the parties' affidavits in this case clearly present such an unresolved issue, we hereby appoint the district judge, or a magistrate to be selected by him, as a special master, to hold an evidentiary hearing on the question whether Daly is financially unable to provide his own attorney and is entitled to court-appointed counsel under the terms of 18 U.S.C. § 3006A(c) & (f). The district judge or magistrate shall set forth his or her findings in a report to be filed with this court within sixty days of the entry of this order and shall simultaneously send copies of that report to Daly and to the government. Upon receipt of that report, we will rule on the government's motion. In the interim, our order of appointment of counsel of September 7, 1983, is suspended pending our ruling on the government's motion.

So ORDERED.

---

unless a reasonable extension of time thereof is granted by the Court or the Clerk for the Court upon his request, he may furnish proof that the party's affidavit is false. Such further action may then be taken or directed by the appropriate Judge, upon the Clerk's submission of all available papers and evidence to him, as may to him then appear appropriate.

We note that the government contends that it did not receive a copy of Daly's affidavit, nor was it afforded fifteen days in which to oppose its content. Because our disposition of this motion necessitates a full airing of the government's opposition to Daly's request, however, we do not consider this lack of notification to have been prejudicial to the government.

3. The government contends that Daly, who was convicted of income tax evasion and fraud in connection with the establishment of various tax-exempt churches, is fully able to afford counsel. The government asserts that Daly sold numerous ordinations and church charters before and during his trial, producing more than $1 million in income between 1976–1982; that he had substantial bank account balances as of May 1981; and that the evidence adduced at trial tended to negate Daly's claim of poverty.

