BASIC BIBLE CHURCH OF AMERICA, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2121–82X.     Filed January 29, 1986.

*Judith M. Picken,* for the respondent.

## OPINION

GERBER, *Judge*: Respondent notified petitioner of a final adverse determination revoking petitioner's exempt status under section 501(c)(3)[1] for petitioner's taxable years 1973 through 1977. In January 1982, pursuant to section 7428, petitioner seeks a declaratory judgment that the adverse determination be declared null and void or an order reversing it. This case is before the Court on respondent's motion to dismiss for failure of petitioner to properly prosecute.

The petition was filed on January 27, 1982, by Jerome Daly (Daly), president, director/trustee, and principal officer of the Basic Bible Church (petitioner), and by two other directors,[2] in response to respondent's notice of a final adverse determination to revoke petitioner's exempt status under section 501(c)(3).

Petitioner was incorporated under Minnesota law in February 1973. In April 1974, respondent notified petitioner that a favorable determination had been made regarding petitioner's exempt status under section 501(c)(3).

Petitioner and respondent communicated frequently during the next several years.[3] In October 1981, respondent mailed to petitioner a notice of a final adverse determination regarding petitioner's exempt status for petitioner's taxable years 1973 through 1977. Petitioner promptly filed a petition in this Court pursuant to section 7428, seeking a declaratory judgment that the adverse determination letter be declared null and void or, in the alternative, that the adverse determination be reversed.

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years in question. All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Wayne R. Chermack, D.D. (Chermack), and Daniel J. Pilla, D.D. (Pilla), both signed the petition as directors/trustees. The record reveals no subsequent communications initiated by either of these men. Additionally, petitioner's address and telephone number is the sole address listed for Daly, Chermack, and Pilla.

[3] These communications are contained in the administrative record. Rule 210(b)(11) defines the term "administrative record" with regards to actions involving, inter alia, determinations or revocation of sec. 501(c)(3) status. Contained in the administrative record are the articles of incorporation and modifications, if any, the request for the determination, all protests and related papers submitted to the Internal Revenue Service, all written communications between the Internal Revenue Service and the applicant, and all returns filed with the Service. The administrative record in this case is lengthy.

Respondent filed an answer, and in April 1982, requested that trial be held in Chicago, Illinois. In June 1982, petitioner filed a motion contending that the Court lacked jurisdiction to hear the case. This Court denied that motion. Respondent then served petitioner with regard to the genuineness of the entire administrative record, pursuant to Tax Court Rule 217(b).

The record evidences no further activity in this case, until June 1985, when this Court calendared the case for trial, beginning September 9, 1985, in Minneapolis, Minnesota. Official notice was sent to petitioner,[4] but the notice was returned "Attempted Not Known."

On August 26, 1985, Jerome Daly filed a motion to withdraw as representative of petitioner. In his request, Daly stated that recently he had been advised that the case was set for trial on September 9, 1985, that he has not been a director or officer of petitioner for more than 3 years, and that he "withdraws as representative." He also stated that until recently, he had not been aware that the proceedings were still pending. Mr. Daly represented to respondent that he had attempted to contact a number of people in connection with this proceeding, and that he was unable to find anyone interested in appearing on behalf of petitioner.

The case was called for trial on September 9, 1985. Counsel for respondent appeared and answered ready for trial. No appearance was made by or on behalf of petitioner.[5] Respondent therefore moved to dismiss the case for failure to prosecute.

It is well settled that a petitioner's unexcused failure to appear at trial can result in a dismissal of the action or a default judgment against petitioner for failure to prosecute properly in actions where petitioner seeks the redetermination of a deficiency. *Brooks v. Commissioner*, 82 T.C. 413 (1984); *Ritchie v. Commissioner*, 72 T.C. 126 (1979); *Keys v. Commissioner*, T.C. Memo. 1985–508; *Inaba v. Commissioner*, T.C. Memo. 1985–407.

The issue before this Court is whether the same standards for dismissal for failure to prosecute properly should be

---

[4]The notice was mailed to Jerome Daly, Wayne R. Chermack, and Daniel J. Pilla, Basic Bible Church of America, at the address given on the petition.

[5]By Court order dated Sept. 9, 1985, this Court granted Mr. Daly's motion to withdraw as representative.

applied in a case involving a declaratory judgment pursuant to section 7428, where no appearance was made by or on behalf of petitioner and there has been no activity in the case during the past 3 years.

Rule 123(b) and Rule 149(a), 60 T.C. 1129–1130, 1139 (1973), provide as follows:

123(b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. * * *

149(a) Attendance at Trials: The unexcused absence of a party or his counsel when a case is called for trial will not be ground for delay. The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties.

Neither Rule 123 or 149 nor the notes thereto limit the application of the Rules to actions for deficiency judgments. The notes suggest that the Federal Rules of Civil Procedure may provide guidance in construing the Tax Court Rules. See note to Rule 123(b), 60 T.C. at 1130. Like Rule 123, Fed. R. Civ. P. 41(b) authorizes dismissal of actions for failure to properly prosecute. Under Fed. R. Civ. P. 41, courts have dismissed actions requesting injunctive relief for failure of plaintiff to properly prosecute. See *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513 (5th Cir. 1985). Furthermore, Rule 210(a), applicable to declaratory judgments, provides that, "Except as otherwise provided in this Title, the other Rules of Practice and Procedure of the Court, to the extent pertinent, are applicable to * * * actions for declaratory judgments." We find that Rule 123 is applicable to cases involving declaratory judgments.[6]

On January 27, 1982, petitioner filed a "Complaint For Declaratory Judgment." The petition was signed by Jerome Daly, D.D., president and director/trustee, and two other

---

[6]In most actions for declaratory judgments under sec. 7428, disposition of the action will ordinarily be made solely on the basis of the administrative record as defined by Rule 210(b)(11). See Rule 217. In actions involving revocations of sec. 501(c)(3) status, disposition may be made solely on the basis of the administrative record only where the parties agree that such record contains all of the relevant facts and those facts are not in dispute. See Rule 217. Since this case involves a revocation of sec. 501(c)(3) status, disposition of the action may be made on the basis of the administrative record alone only if the parties agree that all relevant facts are contained therein and that none are in dispute.

directors/trustees.[7] On June 28, 1982, petitioner filed a motion questioning the Tax Court's jurisdiction to hear the case. This Court denied the motion.

That motion was filed over 3 years ago, and petitioner has not initiated any other activity in this proceeding, except for Daly's motion to withdraw as petitioner's representative, filed August 1985. In that motion, Daly stated that he has not been a director or officer of petitioner for more than 3 years. Daly also stated that until recently, he had not been aware that the proceedings were still pending.[8] Daly represented to respondent that he attempted to locate people who may be interested in appearing on behalf of petitioner, but was unsuccessful. Several attempts were made to contact Chermack and Pilla, the other named directors trustees. Neither of these parties has responded to notices nor have they contacted the Court for over 3 years since the filing of the petition.

We find that dismissal of petitioner's case is appropriate in the circumstances of this case. Petitioner's lack of diligence in prosecuting its case, coupled with petitioner's unexcused failure to appear at trial, warrants dismissal. Petitioner has not come forward either to ask the Court to decide the case on the basis of the administrative record alone or to present other evidence or argument. The obligation to come forward and pursue the case is on petitioner, which is also where the burden of proof rests. This Court will not act on behalf of petitioner in its absence. Compare *Stringer v. Commissioner*, 84 T.C. 693 (1985), on appeal (4th Cir., Dec. 31, 1985) (taxpayer's failure to file a brief justified dismissal of all issues where taxpayer had the burden of proof, even though trial on those issues was completed). Official notice of trial was sent to petitioner at the only address that it supplied to the Court. Petitioner's representative, Daly, obviously was notified of trial.

---

[7]We note that the parties involved are, for the most part, experienced litigants. The Basic Bible Church of America, Daly, and Chermack have been involved in several court proceedings. See *United States v. Daly*, 720 F.2d 819 (5th Cir. 1983); *United States v. Miller*, 638 F.2d 39 (8th Cir. 1980); *United States v. Daly*, 481 F.2d 28 (8th Cir. 1973).

[8]The official notice of trial sent to petitioner was returned "Attempted Not Known." The notice was mailed to the address given on the petition. Rule 21(b)(4) provides that the Court shall be promptly notified of any change of a mailing address of any party or duly authorized representative. See Rule 21(b)(4). In any event, Daly's motion to withdraw as representative states that Daly received actual notice of the trial.

Neither the Court nor respondent has any further obligation.

In light of the foregoing,

> *An appropriate order of dismissal and decision will be entered.*