WAYNE R. CHERMACK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chermack v. Commissioner
Docket No. 19101-83.
United States Tax Court
T.C. Memo 1989-57; 1989 Tax Ct. Memo LEXIS 56; 56 T.C.M. (CCH) 1215; T.C.M. (RIA) 89057; February 7, 1989. Wayne R. Chermack, pro se. Jack Forsberg, for the respondent. WILLIAMS
MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax as follows: Additions to the Tax
Year
Deficiency
Section 6653(b) [1]
1976
$ 10,820.29
$  5,410.15
1977
19,908.85
9,954.43
1978
25,289.99
12,645.00
1979
30,440.06
15,220.03
*57 Petitioner contested both the deficiencies and additions to tax pursuant to section 6653(b) in his petition to this Court. However, petitioner did not appear at the trial nor was any appearance made on his behalf. Respondent filed a Motion to Dismiss for Lack of Prosecution as to the deficiencies in Federal income tax determined in the notice of deficiency for the years 1976, 1977, 1978, and 1979, upon which petitioner bears the burden of proof. We granted respondent's motion on June 20, 1988. Respondent's motion to dismiss was filed prior to our decision in Smith v. Commissioner,91 T.C. 1049 (1988), and did not request a finding of default. In Smith we held that additions to tax for fraud can be sustained by default judgment against a taxpayer who does not appear at trial and has abandoned his case. The only issue remaining is whether petitioner is liable for additions to tax for fraud pursuant to section 6653(b). On August 26, 1988, respondent filed a motion for summary judgment pursuant to Rule 121, Tax Court *58 Rules of Practice and Procedure, relying on a stipulation of facts and exhibits filed by the parties on May 27, 1986. On September 7, 1988, this Court ordered petitioner to respond to respondent's motion for summary judgment and to show cause why damages in the amount of $ 5,000 should not be awarded to the United States and against petitioner pursuant to section 6673. Petitioner failed to respond. There appear to be no material facts in dispute and summary judgment can be rendered. Petitioner resided in Duluth, Minnesota when the petition was filed in this case. During the years in issue petitioner was employed by Braniff Airlines ("Braniff") and received wages from Braniff of $ 36,570.57, $ 52,781.42, $ 61,466.11 and $ 71,312.79, respectively. In May of 1976 petitioner executed a "vow of poverty" in which petitioner purported to irrevocably give all his property and income to The Order of Almighty God Chapter No. 4001, a typical Basic Bible mail order "church." E.g., Basic Bible Church of America v. Commissioner,86 T.C. 110 (1986); Basic Bible Church v. Commissioner,74 T.C. 846 (1980). Petitioner filed a Form W-4E (Exemption from Withholding), *59 in January 1977 with Braniff claiming to be exempt from Federal income tax due to his vow of poverty. In April 1978 petitioner filed a Form W-4 with Braniff claiming 99 exemptions. In March 1979 petitioner filed a W-4 Form claiming to be exempt from Federal income tax. Only $ 90 of Federal income tax was withheld from petitioner's wages for his 1977 tax year, and no Federal income tax was withheld from petitioner's wages for his 1978 and 1979 taxable years. Petitioner filed Forms 1040 for tax years 1976 and 1977 which reported petitioner's wages from Braniff and claimed charitable contributions pursuant to his purported vow of poverty equal to the wages reported. Petitioner, therefore, reported no tax liability and claimed refunds of the full amount of income tax and FICA tax withheld from petitioner's wages. On his 1978 and 1979 returns petitioner listed his wages from Braniff as "Tax Exempt Income" based on his purported vow of poverty. The 1978 and 1979 returns reported no tax liability and claimed refunds of the FICA tax withheld from petitioner's wages. On April 8, 1982, petitioner was indicted in the United States District Court for the Northern District of Texas for conspiring *60 to defraud the United States in violation of 18 U.S.C. § 371 through a scheme utilizing mail order churches to claim false charitable contributions and to claim false withholding exemptions from Federal income taxes during the years at issue in this case. Petitioner was also indicted pursuant to section 7206(1) for subscribing to a false 1976 Federal income tax return which substantially overstated charitable contributions. Further, petitioner was indicted pursuant to 18 U.S.C. §§ 1001 and 1002 for making a false statement on a 1977 Federal income tax return by substantially overstating charitable contributions, which he knew to be overstated, and pursuant to section 7206(1) for subscribing to false 1978 and 1979 Federal income tax returns which substantially overstated tax exempt income which he knew to be substantially overstated. On April 22, 1983, petitioner was convicted of these indictments, fined $ 5,000 and sentenced to four concurrent 30-month sentences. His conviction was affirmed in United States v. Daly,756 F.2d 1076 (5th Cir. 1985). The issue we must decide is whether petitioner is liable for additions *61 to tax for fraud pursuant to section 6653(b). Fraud is a factual question to be resolved by an examination of the entire record. Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). To establish fraud, respondent must prove by clear and convincing evidence that petitioner acted with specific intent to evade taxes that he knew or believed he owed. Section 7454; Stephenson v. Commissioner,79 T.C. 995, 1005 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Rule 142(b). Respondent need not prove the precise amount of the underpayment resulting from fraud, but only that some part of the underpayment of tax for each of the years in issue is attributable to fraud. Lee v. United States,466 F.2d 11, 16-17 (5th Cir. 1972); Plunkett v. Commissioner,465 F.2d 299, 303 (7th Cir. 1972), affd. a Memorandum Opinion of this Court. Fraud is never presumed, Beaver v. Commissioner,55 T.C. 85, 92 (1970), but may be proven by circumstantial evidence because direct proof of a taxpayer's intent is rarely available. Stephenson v. Commissioner,79 T.C. at 1005-1006. Courts have relied *62 on a number of indicia of fraud in deciding section 6653(b) cases. Although no single factor is necessarily sufficient to establish fraud, the existence of several indicia is persuasive circumstantial evidence. Solomon v. Commissioner,732 F.2d 1459, 1461 (6th Cir. 1984), affg. per curiam a Memorandum Opinion of this Court; Beaver v. Commissioner,55 T.C. at 93. First, a pattern of underreporting over an extended period of time is indicative of fraud. Foster v. Commissioner,391 F.2d 727, 733 (4th Cir. 1968), affg. on this issue a Memorandum Opinion of this Court; Brooks v. Commissioner,82 T.C. 413, 431 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985). Second, the filing of false withholding certificates claiming an excessive number of exemptions has been held to be evidence of fraud. Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Rowlee v. Commissioner, supra at 1126. Thirdly, reliance upon frivolous tax protestor arguments which have been rejected by the courts can also be evidence of fraud. Castillo v. Commissioner,84 T.C. 405, 410 (1985). *63 Finally, a taxpayer's dishonesty in business transactions or willingness to defraud others may indicate a willingness to defraud respondent. Afshar v. Commissioner,T.C. Memo. 1981-241, affd. without published opinion 692 F.2d 751 (4th Cir. 1982), cert. denied 461 U.S. 928 (1983). All of these factors are present in this case and clearly and convincingly prove that petitioner acted with fraudulent intent in underpaying his taxes. Petitioner filed false income tax returns for the taxable years 1976, 1977, 1978 and 1979 which he knew to be false by substantially overstating charitable contributions or tax exempt income. Petitioner filed false W-4 and W-4E forms to avoid income tax withholding and conspired with others to use these false forms to defraud the United States. Finally, petitioner was convicted of conspiracy to defraud the United States through a mail order church scheme. Respondent has established fraud on the part of petitioner by clear and convincing evidence through reliance on the Stipulation of Facts executed by the parties with attached exhibits. Consequently, we will grant respondent's motion for summary judgment. *64 Moreover, we award damages of $ 5,000 to the United States and against petitioner pursuant to section 6673 for maintaining these proceedings primarily for purposes of delay. While we are normally reluctant to award damages in fraud cases, the record in this case establishes that petitioner has had no interest in contesting either the deficiencies or the additions to tax determined by respondent and in these circumstances damages are appropriate. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect for the years in issue unless otherwise indicated.↩