ALI A. SABBAGH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sabbagh v. Commissioner
Docket No. 33154-86.
United States Tax Court
T.C. Memo 1989-194; 1989 Tax Ct. Memo LEXIS 194; 57 T.C.M. (CCH) 251; T.C.M. (RIA) 89194; April 27, 1989. Joseph Mudd, for the respondent. RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined a deficiency in petitioner's Federal income tax and additions to tax for the taxable year 1983 as follows: Additions to Tax
Deficiency
Sec. 6653(b)(1) [1]
Sec. 6653(b)(2)
Sec. 6654(a)
Sec. 6661(a)
$ 171,646.00
$ 85,823.00
50 percent of
$ 10,507.00
$ 17,165.60
interest due
on $ 171,646.00
Respondent has filed a Motion to Dismiss for Lack of Prosecution or For Entry of Default Judgment. The relief requested in the motion is *195 that we enter a decision upholding the deficiency determined by respondent in his deficiency notice, and an increased deficiency as asserted in respondent's Amended Answer. Respondent's motion does not specifically request decision as to the additions to tax. [2] However, if we deem it appropriate to dismiss for lack of prosecution, we will enter a decision in respondent's favor as to those additions to tax determined in the notice of deficiency for which petitioner bears the burden of proof. Rule 123(b). If we find petitioner in default, we may also, on our own initiative, enter a decision upholding the additions to tax for fraud and the increase in the other additions to tax asserted in the Amended Answer, if such increases are supported by well -pleaded facts in the Amended Answer. Rule 123(a); Smith v. Commissioner,91 T.C. 1049 (1988). Petitioner resided in Santa Ana, California when *196 he filed his petition in this case. On May 9, 1988, the Court issued a trial notice setting the case for trial on October 11, 1988. Neither petitioner nor his counsel appeared at the call of the calendar on October 11, 1988, or at the time set for trial on October 17, 1988. Shortly before the trial date, petitioner's counsel informed respondent's counsel that neither he nor petitioner intended to appear at trial. Dismissal of a case is a sanction resting in the discretion of the trial court. Levy v. Commissioner,87 T.C. 794, 803 (1986). In light of petitioner's failure to appear at the call of the calendar and trial, we grant respondent's motion to dismiss with respect to the deficiency and those additions to tax as determined in the deficiency notice on which petitioner bears the burden of proof. Basic Bible Church v. Commissioner,86 T.C. 110, 112 (1986); Brooks v. Commissioner,82 T.C. 413 (1984), affd. without opinion 772 F.2d 910 (9th Cir. 1985). We must still resolve the issues pertaining to the additions to tax for fraud, the increase in deficiency, and the increase in additions to tax asserted in respondent's *197 Amended Answer, for which respondent bears the burden of proof. Respondent's motion asks that we hold petitioner in default. It is clear to us that petitioner has failed to proceed within the meaning of Rule 123(a). Petitioner failed to appear at the call of the calendar and at trial. Petitioner has intentionally abandoned his case and we find him in default. "Entry of a default has the effect of admitting all well-pleaded facts in respondent's answer, and a default judgment must be supported by respondent's well-pleaded facts." Bosurgi v. Commissioner, supra at 1409. A default decision for fraud is appropriate if the pleadings set forth sufficient facts to support such a judgment. Smith v. Commissioner, supra.In Smith v. Commissioner, supra at 1058, we held that "the Commissioner's pleadings must allege specific facts sufficient to sustain a finding of fraud before he will be entitled to a decision that includes an addition to tax for fraud upon the failure of a taxpayer to appear for trial." In his Amended Answer, [3] respondent denied all substantive allegations of the petition and further alleged: 6. FURTHER ANSWERING the amended *198 petition and in support of the respondent's determination that petitioner received unreported income during the taxable year 1983 and is therefore liable for a deficiency in income taxes for the taxable year 1983 in the amount of $ 178,874.00, and additions to tax pursuant to the Internal Revenue Code sections listed below: I.R.C. § 6653(b)(1)
I.R.C. § 6653(b)(2)
I.R.C. § 6654(a)
I.R.C. § 6661(a)
$ 89,437.00
50 percent of
$ 10,959.00
$ 44,718.50
interest due
on $ 178,874.00
and in support of the determination that all or part of the underpayment of tax required to be shown on petitioner's income tax return for the taxable year is due to fraud, the respondent alleges: (a) Petitioner was a business professor or instructor at California State University at Los Angeles, and received wages or salary for his teaching activities in 1983, (b) Petitioner operated a business known as "Universal Enterprises" that sold automobiles and from which petitioner received sales proceeds and/or commissions during 1983, (c) Petitioner's car sales business sold stolen *199 automobiles, with their vehicle identification numbers altered, (d) Petitioner was arrested by local police authorities and charged with acts of criminal conspiracy related to his car sales activities, (e) Petitioner pleaded guilty * * * to a misdemeanor violation of CAL. VEHICLE CODE § 11713(m) for permitting his dealer's license and/or related materials to be used by other unlicensed person(s), (f) Petitioner received income during 1983 from real estate sales and rental activities, (g) Petitioner's real estate income includes payments to an account in the name of Tower Development Company/Cinnamon Creek Apartments over which petitioner exercised control, (h) Petitioner owned an interest in and/or used Tower Development Company, a California General Partnership, as his alter-ego, (i) Petitioner filed applications for an extension of time to file his income tax returns for 1981, 1982 and 1983. Petitioner did not file an income tax return for any of said years, (j) The respondent has determined the petitioner's correct adjusted gross income for the taxable year 1983 on the basis of the bank deposits method, (k) During the taxable year 1983, *200 petitioner maintained a personal checking account #12-104108 in the Farmers & Merchants Bank and made deposits in such account in the total amount of $ 152,270.77 during such taxable year, (l) During the taxable year 1983, petitioner maintained a checking account #12-005274 titled Universal Enterprises in the Farmer's & Merchants Bank and made deposits in such account in the total amount of $ 206,396.28 during such taxable year, (m) During the taxable year 1983, petitioner maintained a checking account #12-000345 titled Tower Development Company/Cinnamon Creek Apartments in the Farmers & Merchants Bank and made deposits in such account in the total amount of $ 21,144.51 during such taxable year, (n) During the taxable year 1983 petitioner's total deposits into his bank accounts were as follows: a/c #12-104108
$ 152,270.77
a/c #12-005274
$ 206,396.28
a/c #12-000345
$  21,144.51
Total Bank Deposits
[4] $ 379,801.56
*201 (o) The unreported adjusted gross income of petitioner for the taxable year 1983 was $ 379,801.56, (p) During the taxable year 1983 the petitioner did not receive any nontaxable or excludable income, receipts, cash, or other assets besides the specific items and amounts thereof described in paragraphs 6(j) through 6(n) above, (q) During the taxable year 1983 the petitioner did not receive any gifts, inheritances, legacies or devises, (r) Petitioner, as a business teacher at a major public institution of higher learning and by his filing of an application for an extension to file, was fully aware of the requirement to file federal income tax returns on time, (s) Petitioner fraudulently and with intent to evade tax failed to timely file his federal income tax return for the taxable year 1983, (t) Petitioner fraudulently and with intent to evade tax for the taxable year 1983 failed to report $ 379,801.56 of income, (u) Petitioner fraudulently and with intent to evade tax for the taxable year 1983 failed to pay the following amounts of tax: Income tax
$ 178,874
Self-employment tax
$   3,338
Total Tax
$ 182,212
(v) All or part of the tax required to *202 be shown on petitioner's return for the taxable year 1983 is due to fraud. To establish fraud, respondent must show that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Rowlee v. Commissioner, supra at 1123; Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Respondent may, however, prove fraud through circumstantial evidence since direct evidence of the taxpayer's intent is rarely available. Spies v. United States,317 U.S. 492 (1943); Rowlee v. Commissioner, supra at 1123. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971). *203 The facts, as established through respondent's affirmative pleadings, lead us to conclude that respondent has proven fraud. [5] Petitioner was a business professor at California State University. He also operated a business that sold automobiles and was engaged in real estate sales and rental activities. Petitioner received a large amount of taxable income during 1983, but failed to file an income tax return or to pay the tax on such income. He knew of his filing obligation as is evident from his applications for extension of time to file. Petitioner's failure to file an income tax return for taxable year 1983, when he knew he was required to file, is circumstantial evidence of fraud. See Castillo v. Commissioner,84 T.C. 405, 409 (1985). Petitioner's involvement in the illegal activity of selling stolen automobiles and his receipt of income from illegal sources during taxable year 1983 are also evidence of fraud. Bradford v. Commissioner,796 F.2d 303, 307-308 (9th Cir. 1986), affg. a Memorandum Opinion of this Court. That petitioner failed to appear for trial is an additional indication that he deliberately tried to conceal the true facts *204 concerning his tax liability. Smith v. Commissioner, supra at 1059-1060. The well-pleaded facts contained in respondent's Amended Answer satisfy us that a part of the understatement was due to fraud. The Amended Answer also contains well-pleaded facts supporting respondent's claim of an increased deficiency and increased additions to tax under sections 6654(a) and 6661(a) for taxable year 1983. Petitioner had 1983 taxable income of $ 379,801.56 from teaching activities, real estate sales and rental activities, and the sale of automobiles. He fraudulently failed to file a return or pay tax on such income for 1983. An appropriate order and decision will be entered.
Footnotes
1. Unless other indicated, all section references are to the Internal Revenue Code, as amended and as in effect during the year in issue, and all Rule References are to the Tax Court Rules of Practice and Procedure.↩
2. Prior to our recent opinion in Smith v. Commissioner,91 T.C. 1049 (1988), we had refused to enter a default decision as to the addition to tax for fraud. Respondent's motion was mailed to the Court prior to the issuance of the opinion in Smith.↩
3. We granted respondent's Motion For Leave to File Amended Answer on Oct. 7, 1987.↩
4. In response to requested admissions pursuant to Rule 90, petitioner admitted that total deposits into his personal checking account equaled $ 152,271, and that total deposits into Universal Enterprises' account equaled $ 227,450. Petitioner also admitted "that Farmers and Merchants Bank of Long Beach, Account No. 12005274 was petitioner's business bank account for purposes of doing business under the fictitious business name of Universal Enterprises during tax year 1983."↩
5. While it is unnecessary to our finding of fraud, we note that respondent introduced evidence at trial that corroborated allegations in his Amended Answer.↩