ROGER WELCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Welch v. Commissioner
Docket No. 13117-89
United States Tax Court
T.C. Memo 1990-312; 1990 Tax Ct. Memo LEXIS 330; 59 T.C.M. (CCH) 961; T.C.M. (RIA) 90312; June 21, 1990, Filed *330 An appropriate order and decision will be entered. Roger Welch, pro se. G. Kimball MacCloskey, for the respondent. GOLDBERG, Special Trial Judge *331 . GOLDBERG
MEMORANDUM OPINION This case was considered pursuant to the provisions of section 7443(A)(b)(3) of the Internal Revenue Code of 1954. [1]
In a notice of deficiency dated March 20, 1989, respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Taxable Year
1983
Deficiency
$ 1,162.00
Additions to Tax
Section 6651(a)(1)
291.00
Section 6653(a)(1)
58.00
Section 6653(a)(2)
*  Section 6654
71.00
1984
Deficiency
$ 1,786.00
Additions to Tax
Section 6651(a)(1)
447.00
Section 6653(a)(1)
89.00
Section 6653(a)(2)
*  Section 6654
112.00
1985
Deficiency
$ 2,026.00
Additions to Tax
Section 6651(a)(1)
507.00
Section 6653(a)(1)
101.00
Section 6653(a)(2)
*  Section 6654
116.00
1986
Deficiency
$ 2,067.00
Additions to Tax
Section 6651(a)(1)
517.00
Section 6653(a)(1)(A)
103.00
Section 6653(a)(1)(B)
*  Section 6654
100.00
*332 The primary adjustment in the notice of deficiency was the inclusion of nonemployee compensation for 1983 and wage income for 1984, 1985, and 1986 which petitioner failed to report. Petitioner filed a timely petition with this Court seeking a redetermination of the deficiencies and additions to tax. He also raised as an affirmative defense, that the assessment and collection of the deficiencies and additions to tax for all years was barred by the statute of limitations. In his Answer, respondent asserts that because petitioner failed to file income tax returns for 1983, 1984, 1985, and 1986, the statute of limitations does not bar the assessment and collection of the deficiencies and additions to tax. The parties were served on February 14, 1990, with notice that this case was set for trial at the Trial Session of the Court beginning on April 30, 1990, in St. Paul, Minnesota. *333 This case was called from the calendar on April 30, 1990. The parties appeared and stated that they were ready for trial. The case was set for trial on Thursday, May 3, 1990, at 10:00 a.m. The Court instructed the parties to meet and prepare a stipulation of facts which could be received into evidence at trial in accordance with Rule 91. The case was called for trial on May 3, 1990, at the scheduled time. Respondent's counsel appeared. However, petitioner did not appear. We directed respondent to contact petitioner to see if he still intended to appear and to prosecute his case. We also set the case for recall at 2:00 p.m. The case was recalled at 2:00 p.m. and respondent's counsel stated that a revenue agent had contacted petitioner and informed him that the case was going to be recalled and that if he did not appear respondent would file a motion to dismiss for lack of prosecution. Respondent then filed a Stipulation Of Facts executed by the parties, a Motion To Dismiss For Lack Of Prosecution, and a Motion For Imposition Of Damages Pursuant To I.R.C. § 6673, together with a supporting memorandum. We took respondent's motions under advisement. *334 In the stipulation of facts filed in this case, the parties agreed to the following: (1) that petitioner's legal residence at the time of the filing of the petition was Chatfield, Minnesota; (2) that petitioner did not file income tax returns for the taxable years 1983, 1984, 1985, and 1986; (3) that during the years in issue, petitioner was employed by Cramer Welding Service; (4) that for the 1983 year, Cramer issued to petitioner a Form 1099-MISC for nonemployee compensation in the amount of $ 7,054.26; (5) that for the 1984, 1985, and 1986 years, Cramer issued to petitioner Forms W-2 for wages paid in the amounts of $ 14,928.69, $ 16,366.92, and $ 16,781.89, respectively, from which no taxes were withheld. These are the same amounts as respondent determined in the notice of deficiency. Rule 123(b) provides: (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. * * * Dismissal of a case is a sanction resting in the discretion of the trial court. *335 Levy v. Commissioner, 87 T.C. 794, 803 (1986).It is well settled that a petitioner's failure to appear at a trial can result in a dismissal of the action against him for failure to prosecute properly in actions where petitioner seeks a redetermination of a deficiency. Basic Bible Church v. Commissioner, 86 T.C. 110, 112 (1986);Brooks v. Commissioner, 82 T.C. 413 (1984), affd. without opinion 772 F.2d 910 (9th Cir. 1985). Under the circumstances herein, respondent's motion to dismiss for lack of prosecution is granted. Furthermore, based on the stipulation of facts filed, respondent would prevail in this case because we read the stipulation as a full concession by petitioner with regard to the income adjustments resulting in the determined deficiencies and additions to tax. Based on the circumstances of this case, we decline to grant respondent's Motion For Imposition Of Damages Under § 6673. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of interest due on underpayments of $ 1,162, $ 1,786, $ 2,026, and $ 2,067 for 1983, 1984, 1985, and 1986, respectively.↩