PARVIZ KARIM-PANAHI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Karim-Panahi v. Commissioner
Docket No. 5324-92
United States Tax Court
T.C. Memo 1994-339; 1994 Tax Ct. Memo LEXIS 345; 68 T.C.M. (CCH) 164; July 25, 1994, Filed *345 Respondent's motion to dismiss will be granted and decision will be entered for respondent. Parviz Karim-Panahi, pro se. For petitioner: James LeBloch. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] In a notice of deficiency dated January 28, 1992, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1988 in the amount of $ 2,164, plus additions to tax under section 6651(a)(1) of $ 2.89 and section 6653(a)(1) in the amount of $ 108.20. By notice of deficiency dated April 6, 1992, respondent determined a deficiency in petitioner's 1989 Federal income tax in the amount of $ 6,048, plus an accuracy-related penalty under section 6662(a) in the amount of $ 1,209.60. *346 This case is before the Court on respondent's oral motion to dismiss for failure properly to prosecute and for entry of a decision against petitioner in accordance with the determinations set forth in the notices of deficiency. We set forth hereinafter the checkered history of this case. On March 9, 1992, the Court filed as a petition a letter from petitioner requesting petition forms and "other pertinent related instructions, regulations, laws and rules for filing a petition". The Court ordered petitioner to file an amended petition on or before May 11, 1992. On April 27, 1992, an amended petition was filed in which petitioner alleged as follows (reproduced exactly): a- The whole IRS auditing and the Notice of Deficiency are continuation of the USA/CIA/IRS officials criminal overt/covert operations against this Petitioner/Taxpayer; b- IRS action is continuing of the harassments and intimidations as filed with that TAX Court, Case No.:-3526-84-"S"; c- With intention of harassments and intimidations the IRS not only has refused any review, but also they have refused internal Appeal, with intention to drag him in the TAX Courts and prevent him to follow up his legal *347 actions in the Courts against USA/CIA.
On November 6, 1992, the Court issued a notice setting this case for trial on March 8, 1993. On January 22, 1993, petitioner submitted a document which we filed as a Motion for Entry of Decision in which petitioner alleged that the petition should be withdrawn because respondent issued two "statements of change to your account" for 1988 and 1989 indicating that there was no tax due. Respondent filed an objection to petitioner's Motion for Entry of Decision contending that the amounts assessed to petitioner's account were the amounts set forth in the notices of deficiency, which were prematurely assessed. Respondent further contended that when respondent received notification that petitioner had filed his petition, the premature assessments were reversed, resulting in petitioner's receipt of notification that he did not then owe any taxes. On February 23, 1993, the Court was notified that petitioner had filed a petition in bankruptcy court. Accordingly, the automatic stay set forth in 11 U.S.C. section 362(a)(8) was in effect. The proceedings herein were stayed, and the case was stricken from the trial *348 calendar. On August 5, 1993, respondent informed the Court that petitioner's bankruptcy proceedings had been closed on May 24, 1993. On August 9, 1993, petitioner filed a status report indicating that he had received an order of discharge on April 30, 1993, that he was relieved from some of his debts incurred as a result of the "Criminal operations of the USA/CIA/Israel and the respondents," and that he repeats his Motion for Entry of Decision. By order dated August 11, 1993, the stay of proceedings was lifted, and the case was restored to the general docket for trial or other disposition in due course. In addition, petitioner's Motion for Entry of Decision was denied. On August 23, 1993, petitioner filed a Motion for Reconsideration of his Motion for Entry of Decision, which was denied. On September 17, 1993, the Court issued a Notice of Trial setting this case for trial in Los Angeles, California, on January 18, 1994. On September 20, 1993, petitioner filed a Motion for Continuance repeating several of his previous allegations and also stating (reproduced exactly): -Presently a related multi-million dollars and multi-defendants "CIVIL & CRIMINAL COMPLAINT" of the Petitioner *349 against the United States Government Officials, including the Respondent IRS Commissioner, which also is directly related to this present TAX Case, regarding the IRS's/CIA's Conspiracies and Crimes against this Taxpayer, his life, living, business, and legal/business expenses during the past 14 years, since 1980, (and 1953), are pending in the United States District Court for the DISTRICT OF COLUMBIA, Case No. CV-93-0084[000], of the Caption is Attached), and in the United States Court Of Appeals, DISTRICT OF COLUMBIA CIRCUIT, Case No. CA-93-5012;
On January 10, 1994, petitioner filed a motion to transfer the case to Washington, D.C. "because of lack of impartiality in Los Angeles Tax Court, and the intimidations and harassments and destruction of documents in Los Angeles by the USA". The case was called from the calendar for the trial session of the Court at Los Angeles, California, on January 18, 1994. No appearance was made by or on behalf of petitioner, and respondent's oral motion to dismiss the case for lack of prosecution was taken under advisement. Petitioner's motion to transfer the case to Washington, D.C., was denied. However, the case was recalled on January 20, *350 1994, and petitioner appeared. Respondent's motion to dismiss for lack of prosecution was denied. Petitioner complained that respondent has not been cooperating, that respondent has refused to meet with him, and that respondent has destroyed most of the evidence, except that which is under control of the State Department. Although the details are unclear, petitioner contended that he was currently involved in a proceeding in a tribunal called Iran/United States Claims Tribunal in The Hague, The Netherlands, which appears to pertain to some sort of claim for damages filed in 1981. Respondent indicated that her determination for 1988 involved the disallowance of $ 22,260 of expenses claimed on Schedule C. Petitioner stated that he did have some records substantiating those expenses, but that he is entitled to average his income because of damages incurred in 1981. However, when the Court inquired as to respondent's determination for 1989, respondent did not have a complete file on hand. Thereupon, the Court granted petitioner's oral motion for continuance and continued the case to a calendar in Los Angeles on March 7, 1994. The Court instructed petitioner and counsel for respondent *351 to meet to discuss the issues; specifically, the Court instructed petitioner to get his records together for 1988 and 1989 and to put them in some sort of logical order so that they can be discussed efficiently. Petitioner expressed no objection to the Court's order. This case was called from the calendar of the Court's trial session in Los Angeles on March 7, 1994. The parties appeared and petitioner complained that respondent was refusing to turn over petitioner's records from 1979 through 1989. Petitioner persisted in contending that matters which occurred prior to 1988 were relevant to the substantiation issues presented in this case. Counsel for respondent stated that he met with petitioner twice and was only shown sets of records with regard to petitioner's personal residence; no other documents were presented. Over petitioner's objections, the Court scheduled the case for trial for Tuesday, March 15, 1994. Petitioner orally then moved to transfer this case to Washington, D.C., which motion was denied. On March 8, 1994, petitioner filed a motion for reconsideration of the denial of transferring the case to Washington, D.C., which motion was denied. This case was called *352 for trial on March 15, 1994, and the parties appeared. Petitioner submitted a document captioned "AMENDED PETITION: ADDING TAX YEAR 1990." Apparently, respondent issued a notice of deficiency for 1990, which petitioner desired to add to the instant case. Petitioner was advised that he would have to file a separate petition for the taxable year 1990 with the Court in Washington, D.C. The Court refused to file the lodged amended petition in this case. Petitioner was advised several times to protect his interest and file the petition for 1990 in Washington, D.C. Petitioner made an oral motion to continue this matter, which motion was denied. Moreover, the Court stated that it was not going to continue the case so as to consolidate it with a case yet to be filed for 1990, and that the issues involved were strictly substantiation matters, which did not require consolidation. The Court then inquired whether petitioner wished to proceed with the trial and be put under oath to give sworn testimony. The Court offered to take his testimony and keep the record open for any documents which he could identify as being in existence and which would be relevant to the issues before the Court, *353 in the event such documents were in the possession of the United States Department of State or the Tribunal in the Hague. Petitioner refused to go forward with this case. Counsel for respondent orally moved to dismiss this case for lack of prosecution and for entry of decision against petitioner in accordance with respondent's determinations in the notices of deficiency. Counsel for respondent stated that petitioner claimed Schedule C expenses for 1988 of $ 22,260, which were disallowed for lack of substantiation. Moreover, of the $ 22,260, $ 3,600 was claimed for car and truck expenses, $ 7,769 for rent expense, and $ 8,760 for meals. No income was reported on the Schedule C, and the loss was carried to page 1 of the return and deducted against wages of $ 19,033.98 and interest of $ 357.61. For 1989, total Schedule C expenses claimed were $ 32,686.61, of which car and truck expenses were $ 4,850, rent expense was $ 4,068, and meals were $ 1,200. An amount of $ 17,018.69 was included in the total and described as "several million have been spent for development and promotion of the profession and educations in past 50 years as lost; in future years they will be claimed". No *354 stipulation of facts was signed by the parties and submitted to the Court. In response to respondent's oral motion to dismiss, petitioner contended that the Schedule C was for his engineering business, and that the rent and meals deducted were for his residence and personal meals, which he contends are business expenses. Nevertheless, petitioner refused to be sworn and give testimony. Respondent's motion was taken under advisement. Rule 123(b) provides for the dismissal when a taxpayer fails properly to prosecute his or her case, fails to comply with the Court's Rules or any order of the Court, or for any cause which the Court deems sufficient. See also Smith v. Commissioner, 91 T.C. 1049 (1988), affd. 926 F.2d 1470 (6th Cir. 1991); Basic Bible Church v. Commissioner, 86 T.C. 110, 112 (1986). Dismissal of a case is a sanction resting in the discretion of the Trial Court. Harris v. Callwood, 844 F.2d 1254, 1255 (6th Cir. 1988); Levy v. Commissioner, 87 T.C. 794, 803 (1986). It is clear from the record in this case that petitioner *355 did not properly prosecute his case, and dismissal is therefore an appropriate sanction in accordance with the Rules of this Court. The Court has given petitioner every opportunity to present his case, but petitioner has been unwilling. Petitioner's contentions appear to be without merit. Income averaging sections 1301 to 1305 were repealed by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 141(a), 100 Stat. 2085, 2117, for tax years beginning after December 31, 1986. There is no provision in the law for deduction of personal expenses for room and board, and other expenses such as car and truck expenses must comply with strict substantiation requirements of section 274(d). Petitioner's contentions concerning illegal activities of the United States, the Internal Revenue Service, the CIA, and/or Israel smack of tax protester or political arguments which have nothing whatsoever to do with substantiation of expenses claimed on a Schedule C. Accordingly, we will grant respondent's motion. Respondent's motion to dismiss will be granted and decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩