T.C. Memo. 1997-201


UNITED STATES TAX COURT


CAROLYN M. LEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3778-94.                    Filed May 1, 1997.


<u>Jeanne Gramling</u>, for respondent.


MEMORANDUM OPINION


COLVIN, <u>Judge</u>:  This case is before the Court on
respondent's motion for entry of default judgment under Rule
123(a).[1]  Respondent alleges that petitioner has abandoned this

_____

[1] Rule references are to the Tax Court Rules of Practice and
Procedure.  Section references are to the Internal Revenue Code
in effect for the years at issue.

case, and that she is deemed to have admitted that she is liable for fraud under Rule 37(c).

We decide this motion based on the parties' pleadings, admissions, and written submissions. For reasons stated below, we grant respondent's motion.

## Background

Petitioner was incarcerated in Alderson, West Virginia, when she filed the petition in this case.

Respondent determined deficiencies in petitioner's income tax and additions to tax and a penalty as follows:

|  |  | Additions To Tax and Penalty | | |
| Year | Deficiency | Sec. 6653(b)(1) | Sec. 6661 | Sec. 6663 |
| 1988 | $48,308 | $36,104 | $12,035 | -- |
| 1989 | 58,190 | -- | -- | $43,643 |

Petitioner filed her petition on March 3, 1994. In it, she stated that she would be released from prison in January 1995. She asked that we delay proceedings until after she was released from prison. She filed an amended petition on May 23, 1994.

On July 15, 1994, respondent filed an answer to petitioner's amended petition. In it, respondent alleged:

6. FURTHER ANSWERING the petition, and in support of the determination that the underpayments of tax required to be shown on the petitioner's 1988 and 1989 income tax returns are due to fraud, under the provisions of I.R.C. § 6653(b)(1) and 6663, respectively, the respondent alleges:

(a) During the taxable years 1988 and 1989, petitioner was employed as a civilian fiscal accounting clerk

with the Logistics Department, Food Subsistence Section at Camp Lejeune, North Carolina.

(b)  In connection with her employment with the Food Service Division, petitioner was responsible for collecting money from the mess or dining halls and turning this money over to the Base Disbursing Office.

(c)  During the taxable years 1988 and 1989, petitioner also prepared cash collection vouchers which reflected the total amount of money she turned over to the Base Disbursing Office.

(d)  During the taxable years 1988 and 1989, petitioner did not turn all money collected from the mess or dining halls to the Base Disbursing Office, but instead petitioner misappropriated the amounts of $152,513 and $186,094 during the taxable years 1988 and 1989, respectively, for her use or benefit.

(e)  Petitioner's joint 1988 income tax return reflected adjusted gross income in the amount of $23,632.15. However, petitioner had unexplained deposits to various bank accounts in an amount in excess of $89,000 during the taxable year 1988, all of which deposits were from the misappropriated funds.

(f)  The petitioner and her husband purchased a Dodge van in August 1988, for over $15,000 cash, as well as real property in March 1988 for $5,500 cash, all of which monies were sourced from the misappropriated funds.

(g)  During the taxable year 1988, petitioner and her husband also purchased two new Honda automobiles, a computer, and a used truck, as well as added a den to their trailer and vacationed in Germany.

(h)  Petitioner's joint 1989 income tax return reflected adjusted gross income in the amount of $20,783.36. However, petitioner had unexplained deposits to various bank accounts in an amount in excess of $159,000 during the taxable year 1989, all of which deposits were from the misappropriated funds.

(i)   The petitioner and her husband purchased a GMC Jimmy, a new travel trailer, a lot, another computer, a time share condominium at Atlantic Beach, and two lawn tractors during the taxable year 1989.  Petitioner also vacationed in California, built a two-story garage, and made a deposit on a swimming pool.

(j)   The petitioner did not report the income that she received from the misappropriation of funds of her employer on her 1988 and 1989 income tax returns, in the respective amounts of $152,513 and $186,094, and the petitioner is liable for the deficiencies resulting therefrom.

(k)   Petitioner fraudulently and with intent to evade taxes filed false income tax returns for the taxable years 1988 and 1989 that intentionally omitted the misappropriated income.

(l)   All of the underpayments (deficiencies) in income tax for the taxable years 1988 and 1989 are due to fraud with intent to evade taxes.

7. FURTHER ANSWERING the petition with respect to respondent's determination that the underpayment of tax for the 1989 taxable year is due to fraud, respondent affirmatively relies upon the doctrine of collateral estoppel, and alleges:

(a)   Petitioner is the same person who was the defendant in a criminal case of United States v. Carolyn M. Lee, Case No. 4:92CR00045-2, in the United States District Court for the Eastern District of North Carolina.

(b)   Respondent is a party in privity with the United States of America, the prosecuting party in the aforesaid criminal case in which petitioner was a defendant.

(c)   On or about July 6, 1992, petitioner plead [sic] guilty to one count of willfully making and subscribing a false Federal income tax return for the 1989 taxable year in violation of the provisions of I.R.C. § 7206(1), which petitioner signed under penalties of perjury knowing that the return was not true and correct as to every

material matter.  Said income tax return reported
total income of $20,783.26, whereas petitioner
knew and believed that her total income was
substantially in excess of that which was
reported.

(d)  An issue in the instant Tax Court case is whether
petitioner received income over and above the
amount reported on her income tax return for the
1989 taxable year.

(e)  The fact that petitioner received income which
intentionally was not reported on her 1989 income
tax return is evidence, in part, that the
underpayment was due to fraud.

(f)  The prior criminal conviction of petitioner under
I.R.C. § 7206(1) is conclusive and binding upon
petitioner, and by reason thereof, the petitioner
is estopped in this case under the doctrine of
collateral estoppel, to deny that she willfully
made and subscribed to a false income tax return
for the 1989 taxable year that she knew was not
true and correct as to every material matter in
that she failed to report the substantial
additional income that she received in the 1989
taxable year.

Petitioner did not file a reply to respondent's allegations.
On September 29, 1994, respondent filed a motion under Rule 37(c)
to have the undenied allegations of fact deemed admitted.  By
notice of filing dated September 29, 1994, the Court directed
petitioner to file a reply on or before October 20, 1994.
Petitioner did not respond, and we granted respondent's motion on
October 28, 1994.

Petitioner was released from prison sometime before July
1995.

Thereafter, the Court set this case for trial in Winston-Salem, North Carolina. The notice stated that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."

Respondent's counsel and petitioner had a telephone conference shortly before that trial session, during which petitioner said that she would not appear at the trial session.

This case was called at the Court's trial calendar in Winston-Salem, North Carolina. Petitioner did not appear, file a pre-trial memorandum, or request a continuance. At that time, respondent filed the motion for default judgment under Rule 123(a).

## Discussion

Rule 123(a) provides that if any party fails to plead or otherwise proceed as provided by the Rules or as required by the Court, that party may be held in default on the motion of the other party. Dismissal of a case is a sanction resting in the discretion of the trial court. Levy v. Commissioner, 87 T.C. 794, 803 (1986). A taxpayer's failure to proceed as required by the Court's Rules, unexcused failure to appear at a trial, and failure to participate in any meaningful way in the resolution of the case can result in a dismissal of the action against him or her for failure to prosecute properly in actions where a taxpayer seeks the redetermination of a deficiency. Basic Bible Church v.

Commissioner, 86 T.C. 110, 112 (1986); Brooks v. Commissioner, 82 T.C. 413, 424-425 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985); Freedson v. Commissioner, 67 T.C. 931, 935-936, 938 (1977), affd. 565 F.2d 954 (5th Cir. 1978).

Petitioner did not appear at the trial session in Winston-Salem, North Carolina, and failed to submit a trial memorandum, as required by the Court's Standing Pre-Trial Order, or request a continuance. Petitioner has abandoned her case. Respondent's motion for entry of default judgment as to the deficiencies and addition to tax is granted. Rule 123(a).

Respondent has also moved to default petitioner for the addition to tax and penalty for fraud. Petitioner has failed to proceed with her case within the meaning of Rule 123(a). Under these circumstances, a default decision for fraud is appropriate if, in the answer, respondent alleged facts which, if proven, clearly and convincingly support such a judgment. Smith v. Commissioner, 91 T.C. 1049, 1058 (1988), affd. 926 F.2d 1470 (6th Cir. 1991). The granting of the Rule 37(c) motion has the effect of establishing facts pleaded in the answer.

The facts respondent alleged in the answer, deemed admitted, constitute clear and convincing evidence that petitioner fraudulently underpaid her taxes for the years in issue. Because petitioner did not respond to respondent's Rule 37(c) motion, she is deemed to have admitted that: (1) She misappropriated for her

own use or personal benefit $152,513 in 1988 and $186,094 in 1989 in connection with her work at Camp Lejeune, North Carolina; (2) in 1988, she deposited $89,000 of the misappropriated funds in various bank accounts; (3) in 1989, she deposited $159,000 of the misappropriated funds in various bank accounts; (4) petitioner used the misappropriated funds in 1988 to buy three vehicles, a computer, and to pay for a European vacation, and in 1989 to buy several vehicles, to buy and improve property, and to pay for a vacation; (5) she did not report the income that she misappropriated; (6) she understated her taxable income for those years; and (7) all of each understatement for 1988 and 1989 was due to fraud with intent to evade taxes.

In the answer, respondent alleges specific facts which, having been deemed admitted, clearly and convincingly show that petitioner fraudulently underpaid her income taxes for 1988 and 1989.  Thus, we grant respondent's motion for entry of default pursuant to Rule 123(a).

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered for respondent</u>.