LAWRENCE LEVY AND ROCHELLE LEVY, ET AL.,[1] PETITIONERS v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 31285-81, 234-82, 27133-82, 5553-84, 34739-84.  Filed October 20, 1986.

*Steven S. Saber*, for the petitioners.
*Bonnie L. Rosner*, for the respondent.

OPINION

GOFFE, *Judge*: The Commissioner determined deficiencies in petitioners' Federal income tax as follows:

| Docket No. | Taxable year | Deficiency |
| --- | --- | --- |
| 31285-81 | 1977 | $25,400 |
|  | 1978 | 13,767 |
|  | 1979 | 10,135 |
| 234-82 | 1979 | 21,908 |
| 27133-82 | 1980 | 29,582 |
| 5553-84 | 1981 | 11,590 |
| 34739-84 | 1975 | 2,844 |
|  | 1976 | 4,106 |
|  | 1977 | 8,347 |
|  | 1978 | 22,294 |
|  | 1979 | 2,324 |
|  | 1980 | 7,027 |

These cases were called for trial at the call of the calendar in Miami, Florida, on February 24, 1986. That was the beginning date of a 2-week trial session in Miami. Parties in other cases scheduled for trial previously contacted the Court to ask for dates certain due to the number of witnesses and the lengthy trials they anticipated. Those

---

[1] Upon the Court's motion the following cases are consolidated for opinion only: Lawrence Levy and Rochelle Levy, docket No. 31285-81; Stephen G. Reich and Shyla Reich, docket No. 234-82; Stephen G. Reich and Shyla Reich, docket No. 27133-82; Stephen G. and Shyla Reich, docket No. 5553-84; Norman Kaye and Cheryl J. Kaye, docket No. 34739-84.

other cases were, therefore, set for trial during the second week, leaving available only the first week to set the instant group of cases for trial, except for the testimony of witness Robert Phaneuf, who was scheduled to testify on March 3, 1986. At the calendar call, counsel for petitioners announced that he was not prepared to proceed to trial the first week. After holding two hearings, the Court announced that, because petitioners were not prepared, they had failed properly to prosecute their cases and that they would be dismissed under Rule 123(b).[2]

On March 26, 1986, the Court received from petitioners motion to set aside dismissal and reinstate Tax Court cases on the Tax Court calendar. On April 10, 1986, the Court received respondent's objection to petitioners' motion.

The Court has considered the entire record in this group of cases, including petitioners' motion and respondent's objection, described above, and concludes that it was appropriate to dismiss the cases when they were called for trial.

These cases, all of which involve the identical issue, have been at issue since the following dates:

| Docket No. | Date at issue |
| --- | --- |
| 31285-81 | May 3, 1982 |
| 234-82 | Feb. 25, 1982 |
| 27133-82 | Jan. 14, 1983 |
| 5553-84 | Apr. 10, 1984 |
| 34739-84 | Nov. 29, 1984 |

On September 21, 1983, the Court served notices of trial on the parties in docket Nos. 31285-81, 234-82, 27133-82, setting those cases for trial on December 5, 1983. On November 14, 1983, respondent filed motions for continuance in which he represented that counsel for petitioners had no objection. The Court granted respondent's motions on November 15 and 17, 1983. On November 14 and 18, 1983, the then counsel for petitioners filed motions to withdraw from the cases set for trial. In his motions he alleged that his clients advised him that they had retained new counsel. In addition, he alleged that he advised his clients as follows: (1) That new counsel should immediately

---

[2]Unless otherwise indicated, all Rule references are to the Rules of Practice and Procedure of this Court.

file appearances with the Court; (2) that Judge Whitaker, the trial judge for the Miami trial session commencing on December 5, 1983, would not grant any delay in order to engage new counsel; (3) that a list of witnesses and stipulations should be prepared promptly in accordance with directions issued by Judge Whitaker; (4) that petitioners should deliver a copy of the letter of directions written by Judge Whitaker to new counsel in order that new counsel could immediately comply with its provisions; and (5) that petitioners should have their cases ready to try on December 5, 1983, or such other time as the Court announces. On November 17 and 21, 1983, the Court granted the motions to withdraw as counsel. On December 7 and 8, 1983, present counsel entered his appearances.

On July 2, 1984, the Court served upon the parties in docket Nos. 31285-81 and 234-82 notices of trial setting those cases for trial on September 17, 1984. When the cases were called for trial at the calendar call, counsel for petitioners advised the Court that the parties would get the related cases (the other three cases herein) together for trial. The Court directed counsel for petitioners to furnish a list of related cases within 60 days. The Court then continued the cases.

On December 31, 1984, the Court served a notice setting docket No. 5553-84 for trial on March 11, 1985. On January 22, 1985, respondent filed a motion for order compelling petitioners to produce certain documents. On January 28, 1985, petitioners moved to continue docket No. 5553-84 from the trial session of March 11, 1985, in order to consolidate all of the cases, for the reason that petitioners' expert witness could not testify during the week of March 11, 1985, and that petitioners' certified public accountant had commitments to some corporate clients and would not be available until after March 18, 1985.

On February 4, 1985, petitioners, in docket No. 5553-84 asked for an additional 30 days to assemble documents in response to respondent's motion to compel production of documents.

On February 27, 1985, the Court served an order on the parties in docket No. 5553-84, continuing the case from the March 11, 1985, session to the session commencing on June

3, 1985. On March 11, 1985, the Court served the parties in all of these cases with notices of trial, setting the cases for trial on June 3, 1985. Later, the cases were continued generally from the trial session set for June 3, 1985.

On August 28, 1985, the Court served on counsel for petitioners in all of these cases, notice setting case for trial in Miami on January 13, 1986. That notice provided, in part, that "The calendar for that Session will be called at 10:00 a.m. on that date and both parties are expected to be present at that time *and be prepared to try the case*." (Emphasis added.) In addition, it provides:

Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, *before trial*, must agree in writing to *all* facts and *all* documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.

The Court directed the Clerk of the Court to mail with the notice setting case for trial, a memorandum which provided in part as follows:

In the interest of an orderly and efficient disposition of the trial calendar, Judge Goffe has directed that all settlement stipulations and stipulations of facts in cases which are to be tried be ready for filing at the call of the calendar on Monday morning, January 13, 1986, at 10:00 a.m. * * *

\* \* \* \* \* \* \*

In accordance with Rule 91 of the Court's Rules, all facts are to be stipulated to the maximum extent possible. Judge Goffe expects all written evidence to be stipulated, except where a question of authenticity is involved or the written evidence is to be used to impeach the credibility of a witness. Objections on the ground of materiality or relevancy may be reserved in the stipulation. * * *

\* \* \* \* \* \* \*

In addition Judge Goffe directs that counsel in those cases which are expected to be tried submit trial memoranda at the calendar call. The trial memoranda should outline the issues involved; the witnesses to be called, if any; the nature of the testimony which each witness is expected to give in sufficient detail to provide a clear understanding of the case; and a law and argument section setting forth the primary legal authority on which the party relies. If questions of the admissibility of evidence are anticipated, these should be covered in the trial memorandum. * * *

If the case involves expert testimony covered by a report of an expert witness which is expected to be introduced into evidence, Judge Goffe expects the parties to comply with Rule 71(d)(2) of the Court's Rules. In addition, all exhibits and underlying documents to be introduced as part of the testimony of expert witnesses will be exchanged by the parties prior to trial. The opinion of the expert witness and the basis for his opinion shall be presented primarily in written form and the oral testimony of the expert witness shall be kept to a minimum. The opposing party will be given full opportunity to cross-examine the expert witness without regard to the scope of the witness' direct examination. The reports of expert witnesses are not "filed" with the Court until the case is tried; therefore, motions for extensions of time for complying with Rule 71(d)(2) are not appropriate. Any problems encountered in connection with complying with Rule 71(d)(2) should be handled informally directly with Judge Goffe.

\* \* \* \* \* \* \*

Judge Goffe will be available on Monday after the call of the calendar for conference with the parties in any case set on the trial calendar to assist in the stipulation of facts, trial procedures (including rulings on evidence), and any other matters that may expedite disposition. Cases will, however, be set for trial on Monday, if time permits. If counsel anticipate trial problems, they are encouraged to arrange a conference call with opposing counsel and Judge Goffe at his chambers in Washington, D.C., \* \* \* as early as such problems become apparent. \* \* \*

On November 29, 1985, respondent filed a motion to continue for the purpose of stipulating facts with petitioners in order to narrow the issues and to shorten the trial time. Counsel for petitioners agreed with the motion. The motion also asked that the cases be set for trial on February 24, 1986. The Court granted that motion on December 4, 1985.

On January 30, 1986, the Court received and filed respondent's motion to take testimony of witness on Monday, March 3, 1986. In respondent's motion, he alleged that Mr. Phaneuf was on the high seas and could appear only on that date. Respondent also alleged that counsel for petitioners objected to granting the motion because it would be taking the testimony out of turn.

On February 3, 1986, petitioners filed motion to continue and to calendar. The grounds for continuance alleged by petitioner were that a witness, Marvin Popkin, was hospitalized and could not testify, all of which would be confirmed by a letter from a doctor to be supplied later. Mr. Popkin

was the promoter of the tax shelter involved in these cases. Petitioners also alleged that counsel for petitioners had a schedule conflict that would prevent him from appearing at the February 24, 1986, trial session. Attached to the motion was an order of the U.S. District Court filed January 24, 1986, setting a matter for trial on February 24, 1986, and a calendar call for February 21, 1986. The motion contained no request for a date for which the cases should be calendared.

The parties and the Court had a telephone conference call on February 3, 1986, to discuss the two motions. At that time the Court directed counsel for petitioners to express mail to the Court the statement of Mr. Popkin's doctor.

Respondent filed objection to petitioners' motion to continue, in which he alleged that Mr. Popkin's doctor advised counsel for respondent that Mr. Popkin would be able to testify in 3 weeks, or February 24, 1986, the date of the calendar call. Respondent attached to his objection to petitioners' motion an affidavit of a revenue agent who visited Mr. Popkin. As explained later, Mr. Popkin appeared in Court at the calendar call.

The Court and counsel for the parties held another conference call on February 7, 1986. The Court asked counsel for petitioners why he had not sent the doctor's statement to the Court and he replied that the medical information was being "indexed."

Rule 134 provides that conflicting engagement of counsel or employment of new counsel ordinarily will not be regarded as ground for continuance. It also provides that "A motion for continuance, filed 30 days or less prior to the date to which it is directed * * * will be deemed dilatory and will be denied unless the ground therefor arose during that period or there was good reason for not making the motion sooner."

Petitioners' motion for continuance was received by the Court on February 3, 1986, which was less than 30 days prior to February 24, the date set for trial, yet the attachment to the motion indicated that counsel for petitioners was advised on January 24, 1986, that the other matter was set for trial in the District Court. Petitioners' motion for continuance was, therefore, obviously dilatory.

Counsel for petitioners also failed to promptly send the Court the doctor's statement as he had promised. Therefore, on February 12, 1986, the Court denied petitioners' motion for continuance. In both of the conference calls with the parties on February 3, 1986, and February 7, 1986, the Court warned counsel for petitioners that the cases would be tried in Miami during the trial session commencing on February 24, 1986, and he should immediately proceed to stipulate facts with counsel for respondent. He completely ignored the warning of the Court and made no attempt whatever to stipulate facts or to otherwise prepare for trial. He filed no trial memorandum as required by our memorandum quoted above.

On February 18, 1986, petitioners filed motion for reconsideration for continuance together with affidavits from doctors of Mr. Popkin. The motion also contained an allegation that petitioners intended to call 20 witnesses, a fact which counsel for petitioners never reiterated at the February 24, 1986, calendar call or the subsequent hearing immediately following the calendar call.

The motion also alleged that, "The Respondent's attorneys have not stipulated to any documentation presented to them over the last six (6) months and it will take at least a week to get all the records necessary for this trial to be admitted and stipulated in evidence."

At the calendar call counsel for petitioners explained this allegation by stating that he asked counsel for respondent to stipulate to all of the documents that "she had seen" pursuant to a discovery request she served upon him. Counsel for respondent stated that she was unable to recall the specific documents she had seen. As will be explained later, counsel for petitioners refused to stipulate any facts which counsel for respondent delivered to him on February 14, 1986, the day after he certified as having mailed the motion to the Court.

The motion for reconsideration for continuance was denied on February 18, 1986.

The cases involve a lithograph tax shelter and the primary issue is the valuation of the lithograph. Respondent, in compliance with Rule 71(d)(2)[3] submitted to the

---

[3]Rule 71(d)(2), in effect until July 1, 1986, has been superseded by Rule 143(f).

Court and served upon counsel for petitioners the reports of three expert witnesses who were to testify as to the value of the lithograph. Petitioners have never submitted or served an expert report. When petitioners moved for a continuance in docket No. 5553-84 on January 28, 1985, counsel for petitioners represented to the Court that their expert witness was unable to testify during the week of March 11, 1985. Petitioners, however, have never complied with Rule 71(d)(2) which requires submission to the Court and service upon respondent of an expert report 15 days prior to trial. This failure leads to the conclusion that petitioners have never employed an expert witness. Further continuances based upon petitioners' lack of preparation would give petitioners an unfair advantage over respondent in view of the filing of the expert reports.

When the cases were called for trial at the calendar call on February 24, 1986, counsel for petitioners reported that the evidence in petitioners' case consisted only of the testimony of Marvin Popkin and documents alleged to be in his possession. Mr. Popkin appeared at the calendar call, explained his alleged physical condition, and also stated that if he were called as a witness he would likely refuse to testify on Fifth Amendment grounds. Counsel for petitioners had no information as to whether his witness, Mr. Popkin, was a target of criminal prosecution.

Counsel for respondent represented to the Court at the calendar call that she had assembled relevant documents together with a stipulation of facts and delivered them to counsel for petitioners more than 10 days prior to the calendar call. Counsel for petitioners never disputed that representation.

Counsel for respondent represented to the Court at the calendar call that she had 18 witnesses who were ready to testify. She estimated the trial time to be 2½ to 3 days. At the calendar call, the Court announced that the case would probably be set for Wednesday, February 26, 1986, and then recessed in order to arrange the calendar of all the cases to be set for trial. At the subsequent hearing immediately following the calendar call, it was made clear that petitioners, who have the burden of proof, had never submitted a stipulation of facts to respondent.

Petitioners, in their motion to set aside dismissal and reinstate Tax Court cases on the Tax Court calendar, alleged that counsel for petitioners was surprised at the calendar call that Marvin Popkin intended to refuse to testify, if called as a witness, relying upon his Fifth Amendment rights. Despite counsel's assertion at the calendar call that he could not proceed to trial without the testimony of Mr. Popkin, he alleged in his motion that he could establish the "commercial valuation" of the shelter package by certain facts, none of which he had ever submitted to respondent for stipulation. He further alleged that he could not stipulate to any "documentation" provided by respondent because he had not had the opportunity to see the "documentation" prior to that date. Respondent's counsel disputed this allegation by submitting a copy of a transmittal letter from her to petitioners' counsel enclosing the stipulation of facts and exhibits, the receipt of which is acknowledged by petitioners' counsel. We find the allegation of petitioners' counsel to be untrue based upon the record before us. In her letter, counsel for respondent set a conference for February 19, 1986, for stipulating facts and petitioners' counsel not only failed to attend but also refused to reschedule the conference at any time. Yet counsel for petitioners alleged in his motion "That this motion for reconsideration for continuance is not being submitted for the purpose of delay in this matter but only for medical reasons, and to get the Respondent to stipulate to documentation and no prejudice will result to any of the parties herein." In view of the lack of cooperation of petitioners' counsel with respondent's counsel and his failure to follow the direct warnings of the Court in the telephone conference calls, the Court finds the foregoing allegation incredible. Counsel for petitioners was woefully unprepared after having totally disregarded the Court's Rules and our direct warnings to him on February 3, 1986, and February 7, 1986.

When Mr. Popkin appeared before the Court on February 24, 1986, he was alert and aggressive. Based upon our observation of him and his raising the possibility of invoking his Fifth Amendment rights for the first time, the

Court concludes that he was lying about his physical condition and that he was physically able to testify.

Dismissal of a case is a sanction resting in the discretion of the trial court. *Durgin v. Graham*, 372 F.2d 130, 131 (5th Cir. 1967).[4] The Court exercised its discretion and dismissed a case under Rule 123(b) for failure properly to prosecute in *Freedson v. Commissioner*, 67 T.C. 931 (1977), affd. 565 F.2d 954 (5th Cir. 1978). That case constitutes precedent in the 11th Circuit, the circuit to which an appeal in the instant case would lie, for the facts in the instant case are not materially different from the facts in *Freedson* where it was held that Rule 123(b) requires the Court to balance potentially rival considerations: the policy of having cases heard on their merits and the policy of avoiding harassment to the defending party arising from unjustifiable delay.

In addition, the Court must consider the effect of delay upon the Court. The effect of delay on the Court was explained in *Brooks v. Commissioner*, 82 T.C. 413, 429-430 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985):

> The imposition on the Court is also a matter to be considered. Our well-publicized case load is attributable not merely to protesters and tax shelters, but also to parties in other types of cases who depend upon obfuscation and delay to postpone or discount their liabilities. The Office of the Court is in Washington, D.C., but trial sessions are held in various cities, including * * * for the convenience of the parties. Secs. 7445, 7446; Rules 10, 140. When cases are at issue, they are scheduled on the next available calendar in the place requested for trial, generally in order of filing, and notice of trial is sent. See Rule 132. The judge, trial clerk, and reporter are assigned, and the courtroom space is reserved. When a case set for trial is not resolved during a trial session in which time has been set aside for it, a substantial waste of the Court's resources results.
>
> Delays also affect other taxpayers who are awaiting the opportunity to have their cases heard. Only a certain number of cases can be placed on any particular trial calendar. Each time that a case scheduled for trial does not proceed, time is wasted that could have been spent on other cases if they could have been scheduled. Respondent's counsel is required to spend time preparing cases for trial which could be spent working with taxpayers on other cases and attempting to settle them. These unnecessary burdens on the system are unreasonable and unfair from the

---

[4]The Court of Appeals for the 11th Circuit has announced that it will follow the precedent of the Court of Appeals for the 5th Circuit as it existed on Sept. 30, 1981. *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206 (11th Cir. 1981).

standpoint of everyone involved. See *Montgomery v. Commissioner, supra*; see also *Hatfield v. Commissioner*, 68 T.C. 895, 899 (1977).
[*Brooks v. Commissioner, supra* at 429-430; fn. ref. omitted.]

It is recognized that dismissal is a sanction of last resort, not to be used indiscriminately, but it is also recognized that here, as in other areas of the law, this sanction must be available to the Court in appropriate cases. Its purpose is not only to penalize those whose conduct warrants the sanction but also to deter others who might be tempted to engage in like conduct. *Dusha v. Commissioner*, 82 T.C. 592, 605 (1984).

For the reasons set forth above, petitioners' motion to set aside the dismissal of the instant case is denied.

> *Appropriate orders and decisions will be entered.*