MAHMOUD J. SHAPOURI, AKA JOE SHAPOURI, AKA JOSEPH SHAPOURI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shapouri v. Commissioner
Docket No. 35202-86
United States Tax Court
T.C. Memo 1989-474; 1989 Tax Ct. Memo LEXIS 474; 57 T.C.M. (CCH) 1555; T.C.M. (RIA) 89474; August 31, 1989
Gilbert T. Gembacz *475 , for the respondent. RUWE
MEMORANDUM OPINION RUWE, Judge: This matter is before the Court on respondent's motion under Rule 123(b) [1] to dismiss for lack of prosecution as to the tax deficiency and additions to tax under sections 6654 [2] and 6661. Respondent has also requested the Court to find petitioner liable for the additions to tax for fraud under section 6653(b)(1) and (2). As to the fraud issue, respondent bears the burden of proof. Sec. 7454(a); Rule 142(b). Respondent determined a deficiency in petitioner's 1985 Federal income tax and additions to tax as follows: Additions to Tax
Deficiency
Sec. 6654(a)
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661(a)
$ 313,636.40
$ 17,972.65
$ 156,818.20
50 percent of
$ 31,363.64
interest due
on $ 313,636.40
*476 In the notice of deficiency, respondent determined that petitioner failed to report as taxable income $ 644,079 earned from the sale of stolen property. Petitioner resided in Los Angeles, California when he filed his petition in this case. When this case was called for trial neither petitioner nor anyone on his behalf appeared. [3]
Dismissal of a case is a sanction resting in the discretion of the trial court. Levy v. Commissioner, 87 T.C. 794, 803 (1986). It is well settled that a taxpayer's failure to appear at trial can result in a dismissal of the action a taxpayer for failure to prosecute properly in actions where a taxpayer seeks the redetermination of a deficiency. Basic Bible Church v. Commissioner, 86 T.C. 110, 112 (1986); Brooks v. Commissioner, 82 T.C. 413 (1984), affd. without opinion 772 F.2d 910 (9th Cir. 1985). *477 In light of petitioner's failure to appear at the trial and to participate in the resolution of this case, respondent's motion to dismiss is granted as to the tax deficiency and additions to tax under sections 6654 and 6661. [4]
In regard to the additions to tax for fraud under section 6653 (b)(1) and (2), respondent has the burden of proof. Sec. 7454(a); Rule 142(b). On July 18, 1988, respondent filed, pursuant to Rule 90, a First Request for Admissions. Because petitioner failed to respond to respondent's First Request for Admissions, the facts set forth therein *478 are deemed admitted. Rule 90(c); Freedson v. Commissioner , 65 T.C. 333, 335-336 (1975), affd. 565 F.2d 954 (5th Cir. 1978). The matters established are as follows: 2. The petitioner did not file income tax returns for the taxable periods ending December 31, 1984 and December 31, 1985. 3. Internal Revenue Service electronic records indicate that the taxpayer did file income tax returns for the taxable years ending December 31, 1981, December 31, 1982 and December 31, 1983. The following is a list of data relevant to said filings: Tax Year
Adjusted Gross Income
Tax Liability
8112
$ 9,917.86
0
8212
$ 6,545.86
0
8312
$ 1,443.93
0
4. Petitioner was and had been a "fence" for stolen jewels. Los Angeles police authorities assert that the taxpayer may have been involved with thieves/burglars in fence operations as early as 1981. 5. On February 16, 1985, a number of thieves robbed Roberts Jewelers, located at 14040 Riverside Drive, Sherman Oaks, California, 91423, of approximately $ 150,000.00 in jewelry. On February 17, 1985, one of the thieves sold to the taxpayer, what he estimated to have been jewelry worth approximately *479 $ 100,000.00 for $ 12,000.00. As a consequence of this action the taxpayer was arrested, and jewelry, which the pawn division detectives valued at approximately between $ 500,000.00 and $ 700,000.00 wholesale value was seized from the taxpayer. Upon further investigation, it was found that items from thefts totalling approximately $ 2,560,000.00 were contained within the jewelry items seized. 6. Petitioner received during 1985 proceeds from 1985 jewelry thefts identified as follows: Code Number
Action
Victim
Address
*Amount of Theft
85-001402
Burglary
Kay's Jewelry
San Diego, CA
$ 150,000.00
85-003765
Robbery
Slavic's
La Jolla, CA
61,740.00
85-0703526
Robbery
Harman's
20,000.00
85-1603781
Robbery
Rostand Jewelers
171,904.00
85-01839
Burglary
Whittwood Jewelers
Whittier, CA
80,000.00
85-0907710
Robbery
Roberts Jeweler
Sherman Oaks, CA
100,000.00
85-40887
Robbery
Slavic's
Las Vegas, NV
60,435.00
$ 644,079.00
7. In mid 1984 the petitioner purchased from Saied Aframian, a jewelry booth in the Jewelry Theater Center for $ 20,000.00 in cash *480 along with inventory for an additional $ 28,000.00 in cash. 8. The petitioner on February 21, 1985 was charged with the crime of receiving stolen property in violations of Section 496, Penal Code of California, a felony. Per best information petitioner has pleaded guilty to said charge. 9. Subsequent to petitioner's arrest the taxpayer stated to the arresting officer, that it was his intention to keep stolen merchandise acquired, for about a month and then to sell it to another wholesaler. * * * 11. The petitioner maintained no books or invoices which reflected his illegal theft and resale activity (i.e. fencing) during the year at issue herein. * * * 14. Petitioner's failure to maintain complete and adequate records of his income producing activity, illegal fencing of stolen goods and his failure to produce complete and accurate records to respondent in connection with the examination of his income tax return for the 1985 taxable year was fraudulent with the intent to evade tax. 15. Petitioner was engaged in illegal theft and resale activity (i.e. fencing) during the year 1985. 16. During the course of the year 1985, petitioner received net income in the amount *481 of $ 644,079.00 from this illegal activity. 17. Petitioner fraudulently, with intent to evade tax, failed to report any of this income in the amount of $ 644,079.00 for 1985. 18. Petitioner knew of his obligation to file his Federal income tax return for the taxable year 1985, did nothing to fulfill this obligation and, in fact, has never filed his income tax return for 1985 as required by law. 19. Petitioner knew that, by failing to file his Federal income tax return for 1985, a substantial underpayment of income taxes would result, and his failure to file said return, manifested a willful attempt on his part to evade the payment of his Federal income tax liabilities for 1985. 20. A part of the underpayment of tax required to be shown on the petitioner's income tax returns for the year 1985 is due to fraud. To establish fraud, respondent must show that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). The existence of fraud is a question *482 of fact to be resolved upon consideration of the entire record. Rowlee v. Commissioner, supra at 1123; Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Respondent may, however, prove fraud through circumstantial evidence since direct evidence of the Taxpayer's intent is rarely available. Spies v. United States, 317 U.S. 492 (1943); Rowlee v. Commissionersupra at 1123. Respondent may also rely on deemed admissions to prove fraud. Freedson v. Commissioner, supra; Marshall v. Commissioner, 85 T.C. 267, 272-273 (1985); Doncaster v. Commissioner, 77 T.C. 334, 337 (1981); see Rule 90(f). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971). Petitioner's conduct, as established through respondent's request for admissions, leads us to conclude that respondent has clearly and convincingly proven *483 fraud. Petitioner received a large amount of taxable income during 1985, but failed to file an income tax return or pay the tax on such income. Petitioner had filed income tax returns for taxable years ending December 31, 1981, December 31, 1982, and December 31, 1983, and was therefore aware of his filing obligation. A taxpayer's failure to file an income tax return is circumstantial evidence of fraud in cases where the taxpayer was aware of the requirement to file. Castillo v. Commissioner, 84 T.C. 405, 409 (1985). Petitioner's involvement in the illegal activity of buying and selling stolen jewelry and his receipt of income from illegal services during taxable year 1985 are also evidence of fraud. Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. a Memorandum Opinion of this Court. Petitioner also failed to maintain adequate books and records of his income-producing activities. This conduct evidences an intent to evade taxes. Bradford v. Commissioner, supra; Conforte v. Commissioner, 74 T.C. 1160, 1202 (1980), affd. in part and revd. in part 692 F.2d 587 (9th Cir. 1982); *484 Otsuki v. Commissioner, 53 T.C. 96, 109-110 (1969). That petitioner failed to appear for trial is an additional indication that he deliberately tried to conceal the true facts concerning his tax liability. Smith v. Commissioner, 91 T.C. at 1059-1060. Based on this record, we sustain respondent's determinations. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended and in effect for the taxable year in issue. ↩
2. The opening paragraph of respondent's Motion To Dismiss For Lack of Prosecution erroneously refers to section 6651(a) instead of section 6654(a). The specific allegations contained in the motion, however, correctly refer to section 6654(a). Therefore, we do not view this error as substantively affecting the disposition of this case.↩
3. On July 15, 1988, we granted petitioner's counsel of record leave to withdraw. In his motion to withdraw as counsel of record, petitioner's attorney stated that petitioner had failed to communicate with him, had failed to meet his financial commitments, and could not be located.↩
4. The Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002(a), 100 Stat. 1874, 1951, increased the section 6661(a) addition to tax to 25 percent of the underpayment attributable to a substantial understatement for additions to tax assessed after October 21, 1986. Respondent, however, has not amended his answer to seek an increase to the section 6661(a) addition to tax over the amount determined in the notice of deficiency. Accordingly, we sustain respondent's determination of the section 6661(a) addition to tax equal to 10 percent of the underpayment attributable to the substantial understatement.↩
*. Represents wholesale value.↩