LOUISE A. MARRYAT, A.K.A. HAZEL L. MARRYAT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marryat v. Commissioner
Docket No. 6518-89
United States Tax Court
T.C. Memo 1990-438; 1990 Tax Ct. Memo LEXIS 455; 60 T.C.M. (CCH) 535; T.C.M. (RIA) 90438; August 14, 1990, Filed *455 An appropriate order and decision will be entered. Louise A. Marryat, pro se. Stephen R. Doroghazi, for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before the Court on respondent's motions To Dismiss For Failure to Properly Prosecute and for Damages Under Section 6673. For reasons stated below, we grant both motions. Respondent determined deficiencies in petitioner's Federal income taxes for 1982, 1983, 1984, and 1985 as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
1982
$ 4,674
$ 1,169
$ 234
*
$ 455
1983
4,357
1,089
218
*
267
1984
4,378
1,095
219
*
275
1985
4,543
1,136
227
*
259
The notice of deficiency alleged additions to tax under section 6653(a)(1)(A) and (B). However, during the years at issue, the correct section for negligence was section 6653(a)(1) and (2), respectively. We treat the determination as having been made under the appropriate section for the years at issue. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all *456 rule references are to the Tax Court Rules of Practice and Procedure. The issues raised by the petition and answer are: 1. Whether respondent's deficiency determinations for petitioner's taxable years 1982 through 1985 are correct. 2. Whether respondent may prepare substitutes for returns. 3. Whether petitioner is liable for additions to tax for the years in question for: (a) failure to file returns under section 6651(a)(1); (b) negligence or intentional disregard of the rules and regulations under section 6653(a)(1) and (2); and (c) failure to pay sufficient estimated tax under section 6654(a). 4. Whether petitioner is liable for a penalty under section 6673 for instituting and maintaining this action primarily for delay. Petitioner resided in Morton, Pennsylvania when she filed her petition in this Court. Failure to Properly Prosecute
Rule 123(b) provides, "For failure of a petitioner properly to prosecute * * * or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner." Dismissal of a case is a sanction resting in the discretion of the trial court. Levy v. Commissioner, 87 T.C. 794, 803 (1986). *457 Although dismissal for failure to properly prosecute will normally arise where a party fails to appear at trial, dismissals of cases have been affirmed where the taxpayer appeared at trial. E.g., Noli v. Commissioner, 860 F.2d 1521 (9th Cir. 1988); Montgomery v. Commissioner, 367 F.2d 917 (9th Cir. 1966). Petitioner filed, as her Federal income tax returns for the years at issue, documents which contained no information from which respondent could make a determination of her tax liability. Respondent prepared an administrative return to initiate the examination process. Without input from petitioner, respondent determined petitioner's tax liability for each of the taxable years at issue on the basis of petitioner's 1981 income plus increases according to the Consumer Price Index as set by the Bureau of Labor Statistics. Respondent allowed petitioner two exemptions. After respondent issued a notice of deficiency, petitioner filed a petition in which she alleged in part: A. The original returns filed by the Petitioner * * * have not been examined by the I.R.S. nor have any adjustments been made in conjunction with those returns. B. The Commissioner and/or his delegate erroneously *458 determined that Petitioner * * * is/was a U.S. individual living abroad and earning/receiving foreign earned income. C. The Commissioner and/or his delegate erroneously developed substitutes for return * * *. D. The Commissioner and/or his delegate erroneously examined and made adjustments to the substitutes for return * * *. E. The Commissioner and/or his delegate has not been granted delegated authority to develop a substitute for a Form 1040 type return. F. The * * * statutory * * * Notice * * * is issued under the power and authority of the Office of the Associate Commissioner, Foreign Operations Division, Operations Examination Section. G. The Commissioner and/or his delegate knows or reasonably should know that the Foreign Operations Division does not have jurisdiction over the Petitioner for the years * * * nor any other year to present. H. The Commissioner and/or his delegate erroneously represents Petitioner's social security account number as an employer identification number * * *.
After filing her petition, petitioner refused to meet with an appeals officer for respondent. On August 9, 1989, respondent's counsel met with petitioner. However, Petitioner did not provide *459 any documents to rebut respondent's determinations. Instead, petitioner asserted arguments directed to respondent's authority to prepare a substitute return under section 6020(b). On August 10, 1989, petitioner sent respondent a letter that again failed to address the substantive issues and, instead, focused on respondent's alleged lack of authority. On September 11, 1989, petitioner served on respondent a Request for Production of Documents requesting in part: 1) A copy of all documents which indicate that a search of the Internal Revenue records was made for the tax returns of the petitioner for the years [at issue] * * * and the documents pertaining to the results of that search. 2) A copy of all of the Delegation Orders which authorize the examination of the petitioners [sic] tax returns. 3) A copy of the Delegation Order which authorizes the development of a substitute for a 1040 type return. 4) A current copy of IRM 5480 * * *, a copy of IRM 5292. 5) A copy of the determination made which indicates the petitioner is required to file a return with the Assistant Commissioner (International). 6) A copy of the determination made which categorized the petitioner as, or was, a United *460 States Citizen residing in a foreign country and, or a non-resident alien subject to Federal income tax filing requirements.
Respondent served on petitioner a Request for Production of Documents dated August 16, 1989, seeking documents relating to amounts received and expended by petitioner during the years in question. On September 5, 1989, petitioner filed a Motion for Protection, seeking to avoid complying with respondent's Request for Production of Documents until respondent presented to her "the delegation of authority in the Mid-Atlantic region which (gives Respondent the authority to request these private, personal papers and documents from her." Respondent provided petitioner with a delegation order number on September 6, 1989. Petitioner's motion was denied. On September 18, 1989, respondent filed a Motion to Compel Production of Documents or For Sanctions. Petitioner filed a combined objection to respondent's motion and a motion for summary judgment on grounds that respondent lacks delegated authority. The Court denied petitioner's motion and required petitioner to produce the requested documents on or before October 18, 1989, or she would be prohibited from introducing *461 those documents into evidence. Petitioner did not produce the documents. Petitioner's pretrial memorandum submitted to the Court on October 16, 1989, listed as the sole issue for this case, "Whether the Commissioner of Internal Revenue possesses delegated authority to enforce the revenue laws against a state citizen having only domestic income." The memorandum also indicated that petitioner would not call any witnesses and would rely only upon documents previously submitted to the Court. At trial, petitioner also indicated that she would testify on her own behalf as to respondent's authority but not as to her tax liability. Petitioner refused to sign stipulations of fact on grounds that they were irrelevant. At trial, with no objection by petitioner, respondent submitted to the Court a Certification of Lack of Record indicating that respondent has no Forms 1040 - U.S. Individual Income Tax Return in petitioner's name for the years in question as well as four other years not before the Court. On December 4, 1989, petitioner filed a Motion to Strike Exhibit A (Certification of Lack of Record) From Record on grounds that the certificate is hearsay and that the certificate is in conflict *462 with the official record of the Commissioner. To support her conflict theory, petitioner provided a copy of a document in her name from respondent's master computer files entitled Individual Master File (MCC Transcript Complete). Based on a review of the master file, it does not appear to be in conflict with the certificate of lack of record. Petitioner's motion to strike was denied. Petitioner's argument that respondent lacks authority is completely without basis. Section 6212(a) provides that if the Secretary determines that there is an income tax deficiency, he is authorized to send a notice of deficiency to the taxpayer. The term "Secretary" is defined in section 7701(a)(11)(B) as the "Secretary of the Treasury or his delegate." The phrase "or his delegate" is defined in section 7701(a)(12)(A)(i) as "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context." Functions vested by statute in the Secretary of the Treasury or his delegate are delegated to the district director. Sec. 301.7701-9(b) , Proced. *463 & Admin. Regs. If the district director determines an income tax deficiency, the district director may issue a notice of deficiency. Sec. 301.6212-1(a), Proced. & Admin. Regs. Subject to the Commissioner's Delegation Order No. 77, the district director may redelegate his authority to send notices of deficiency to subordinates no lower than reviewers in the Examination Division (GS-12) and revenue agents (GS-11). Sec. 301.7701-9(c), Proced. & Admin. Regs.; e.g., Houlberg v. Commissioner, T.C. Memo. 1985-497; Lillis v. Commissioner, T.C. Memo. 1983-142.Here, the notice of deficiency was executed and issued by the district director. Petitioner has done nothing to convince us that respondent lacks proper authority. Petitioner has ignored the opportunity offered by the Court to provide sufficient facts to support any legitimate contentions that she might have. It is readily apparent and we find that petitioner continued to resort to discredited tax protestor-type arguments rather than provide testimony or other evidence relating to a redetermination of her deficiency. She made no effort to present anything that would bear on the legitimate issues in this case. In light of the foregoing, *464 respondent's motion to dismiss for failure to properly prosecute will be granted. Imposition of a Penalty under Section 6673
At trial, respondent filed a motion for damages (now called a penalty) under section 6673. Section 6673 is a penalty designed to deter taxpayers from raising frivolous or groundless claims for purposes of delay. Sauers v. Commissioner, 771 F.2d 64, 69 (3d Cir. 1985).For positions taken before 1990, section 6673 enables this Court to award damages up to $ 5,000 where the proceedings instituted or maintained by the taxpayer are primarily for delay, where the taxpayer's position is frivolous or groundless, or where the taxpayer unreasonably fails to pursue available administrative remedies. Sec. 6673(a); Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Hansen v. Commissioner, 820 F.2d 1464 (9th Cir. 1987); Brock v. Commissioner, T.C. Memo. 1990-197.For positions taken after December 31, 1989, in proceedings which are pending on, or commenced after such date, the Court may award a penalty not in excess of $ 25,000 in these cases. Sec. 6673(a)(1); Singer v. Commissioner, T.C. Memo. 1990-222.It appears to the Court that each *465 of the reasons set forth in section 6673(a)(1) for applying sanctions is applicable in this case. On the basis of the entire record, we conclude that petitioner instituted and maintained this case primarily for delay. Petitioner also persistently took frivolous and groundless positions, while refusing to offer any evidence to disprove any of the issues raised by the notice of deficiency. Under these circumstances, we require petitioner to pay to the United States a penalty in the amount of $ 3,000. An appropriate order and decision will be entered.
Footnotes
*. 50 percent of the interest due on the amount of the deficiency for the respective taxable year.↩