T.C. Memo. 1999-232


UNITED STATES TAX COURT


STEPHEN MARTIN BEDDOW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22932-93.                          Filed July 13, 1999.


Stephen Martin Beddow, pro se.

<u>Trevor T. Wetherington</u> and <u>Armand G. Begun</u>, for respondent.


MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court on October 25,
1993, to redetermine respondent's determination of deficiencies
in petitioner's Federal income tax for 1986 and 1987.  By notice
of deficiency dated August 9, 1993, respondent determined
petitioner had unreported income generated from the sale of

illegal drugs.  The resulting deficiencies in income tax and additions to tax are as follows:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | 6653(b)(1)(A) | 6653(b)(1)(B) | 6654 |
| 1986 | $5,511 | $4,133 | * | $267 |
| 1987 | 4,198 | 3,149 | * | 227 |

*Fifty percent of the interest due on the deficiency.

We decide the following issues:

1.  Whether petitioner's case should be dismissed in part for failure to prosecute properly.  We hold it should.

2.  Whether petitioner is liable for the addition to tax for fraud under section 6653(b)(1)(A) and (B) for 1986 and 1987.  We hold he is.

Unless otherwise stated, section references are to the applicable versions of the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Milan, Michigan, when he filed his petition.[1]  Petitioner operated a restaurant during 1986 but shut down operations by 1987.  During 1986 and 1987, petitioner engaged in several illegal drug transactions involving the purchase and sale of cocaine.  Petitioner conducted the illegal

---

[1]Petitioner was incarcerated in a Federal correctional institution when he filed his petition but was released at the time this case was set for trial.

transactions in cash and did not maintain books and records memorializing the transactions. Petitioner received $38,528 and $34,976 in cash from cocaine sales during 1986 and 1987, respectively, but he failed to file Federal income tax returns for those years.

Douglas Louzon (Louzon)[2] was petitioner's longtime acquaintance and confidante. Louzon agreed to cooperate with Federal law enforcement officers in their investigation of petitioner's drug activities, including their investigation that centered around petitioner's conduct in 1986 and 1987. Louzon wore a secret wire and engaged petitioner in several conversations wherein petitioner openly discussed his drug sales, boasted about his income from the sales and about extravagant purchases, and expressed his dislike for the Internal Revenue Service and taxes. On October 10, 1990, petitioner was convicted of the following offenses in the United States District Court for the Western District of Michigan: (1) Conspiracy to possess with intent to distribute controlled substances; (2) monetary transaction in property derived from illegal activity; (3) laundering of monetary instruments; and (4) income tax evasion. Among the issues of fact determined in the criminal case were

_____

[2]By 1987, Douglas Louzon had been convicted of several felonies including malicious destruction of property, carrying a concealed weapon, bank robbery, and possession of stolen property.

that petitioner willfully failed to file his 1987 Federal income tax return and attempted to evade or defeat his 1987 income taxes in violation of section 7201.

Petitioner filed a 1984 Federal income tax return, and he was aware of his obligation to file returns for 1986 and 1987. Respondent determined petitioner had unreported income from drug sales in 1986 and 1987 in the amounts of $38,528 and $34,976, respectively.

Petitioner's case was originally calendared for trial in 1995. After we granted three continuances, the Court instructed petitioner to appear for trial on March 15, 1999, in Detroit, Michigan. Petitioner failed to do so. Petitioner also failed to comply with the Court's order to file a trial memorandum and to participate in the stipulation process. Respondent moved under Rule 123(b) to dismiss the case as to those issues on which petitioner bore the burden of proof; to wit, the deficiencies and additions to tax under section 6654. Respondent proceeded to trial on the fraud issue.

## Discussion

We first decide whether petitioner's inaction in this case warrants dismissal and entry of decision against him for all issues upon which petitioner has the burden of proof. We hold it does. Rule 123(b) provides:

Dismissal:  For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner.  The Court may, for similar reasons, decide against any party any issue as to which such party has the burden of proof, and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule.

Sanction by dismissal is exercised at the discretion of the trial court.  See Levy v. Commissioner, 87 T.C. 794, 803 (1986). Dismissal may properly be granted where the party's failure to comply is due to willfulness, bad faith, or fault.  See Dusha v. Commissioner, 82 T.C. 592, 599 (1984).  A case may be dismissed for failure properly to prosecute when petitioner fails to appear at trial and does not otherwise proceed with the litigation of his claim.  See Basic Bible Church v. Commissioner, 86 T.C. 110, 114 (1986); Ritchie v. Commissioner, 72 T.C. 126, 128-129 (1979); Ulery v. Commissioner, T.C. Memo. 1990-409.

Petitioner ignored most of respondent's communications and failed to meet with respondent.  Petitioner disobeyed the letter and spirit of the standing pretrial order and the Court's Rules, failing to either participate in the stipulation process or file a trial memorandum.  The only contact petitioner had with respondent was a phone call wherein he stated he was unsure whether he would proceed to trial.  Petitioner never submitted to respondent any documentation in support of his position in this case and took no meaningful steps towards resolving this case.

We find petitioner has failed properly to prosecute his case. He did not appear for his trial, he has disobeyed this Court's order, and he has failed to cooperate with respondent. We find that these failures were due to petitioner's willfulness, bad faith, or fault. We shall grant respondent's motion and dismiss in part this case for failure properly to prosecute.

This leaves the issue of whether petitioner is liable for the additions to tax for fraud determined by respondent. Respondent must prove fraud by clear and convincing evidence. See sec. 7454(a); Rule 142(b); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983); Drabiuk v. Commissioner, T.C. Memo. 1995-260. Fraud requires a showing that the taxpayer intended to evade a tax known or believed to be owing. See Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968). In order to carry his burden as to fraud, respondent must prove that: (1) Petitioner underpaid his tax in each year, and (2) some part of each underpayment was due to fraud. See Roots v. Commissioner, T.C. Memo. 1997-187; Lee v. Commissioner, T.C. Memo. 1995-597; Merlino v. Commissioner, T.C. Memo. 1993-200. Under section 6653(b)(1)(A) and (B), if respondent establishes that some part of petitioner's underpayment was due to fraud, the entire underpayment is treated as attributable to fraud unless petitioner proves otherwise. See sec. 6653(b)(2). The mere fact that we have sustained respondent's deficiency determination does

not mean that petitioner underpaid his taxes for purposes of the additions to tax for fraud. See Parks v. Commissioner, 94 T.C. 654, 660-661 (1990); Fields v. Commissioner, T.C. Memo. 1996-425.

Following our careful review of the record, we conclude that respondent has clearly and convincingly proven that petitioner underpaid his taxes for each year in issue. See sec. 6653(c)(1) (an "underpayment" generally is the same as a "deficiency" under sec. 6211). The record clearly convinces us that petitioner had gross income in 1986 and 1987, and that he should have filed returns and reported that income. The first prong is satisfied.

As to the second prong, fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. See Miller v. Commissioner, 94 T.C. 316, 332 (1990). The existence of fraud is a question of fact. See Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed or imputed; it must be established by independent evidence that establishes a fraudulent intent on the taxpayer's part. See Otsuki v. Commissioner, 53 T.C. 96, 106 (1969). For respondent to prevail, he must show that petitioner intended to conceal, mislead, or otherwise prevent the collection of taxes. See Korecky v. Commissioner, 781 F.2d 1566, 1568 (11th Cir. 1986), affg. per curiam T.C. Memo. 1985-63; Stoltzfus v. United States, supra at 1004; Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968),

affg. T.C. Memo. 1966-81; <u>Rowlee v. Commissioner</u>, <u>supra</u> at 1123. Because direct proof of a taxpayer's intent is rarely available, fraud may be proven by circumstantial evidence, and reasonable inferences may be drawn from the relevant facts. See <u>Spies v. United States</u>, 317 U.S. 492, 499 (1943); <u>Stephenson v. Commissioner</u>, 79 T.C. 995, 1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984); <u>Collins v. Commissioner</u>, T.C. Memo. 1994-409.

We often rely on certain indicia of fraud in deciding the existence of fraud. Although no single factor is necessarily sufficient to establish fraud, the presence of several indicia is persuasive circumstantial evidence of fraud. See <u>Beaver v. Commissioner</u>, 55 T.C. 85, 93 (1970). The "badges of fraud" include: (1) Understatement of income; (2) inadequate records; (3) failure to file tax returns; (4) implausible or inconsistent explanations of behavior; (5) concealing assets; (6) failure to cooperate with tax authorities; (7) income from illegal activities; (8) an intent to mislead which may be inferred from a pattern of conduct; and (9) dealings in cash. See <u>Bradford v. Commissioner</u>, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601; <u>Petzoldt v. Commissioner</u>, 92 T.C. 661, 699 (1989); <u>Rowlee v. Commissioner</u>, <u>supra</u> at 1125. These "badges of fraud" are nonexclusive, and we may consider other facts indicating fraud. See <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 211 (1992).

Regarding 1987, petitioner was convicted of income tax evasion pursuant to section 7201. As a result, petitioner is collaterally estopped from denying liability for civil fraud with respect to 1987. See Gray v. Commissioner, 708 F.2d 243, 246 (6th Cir. 1983), affg. T.C. Memo. 1981-1; Roots v. Commissioner, supra. The second prong is met for 1987.

As to 1986, the "badges of fraud" are plentiful, including that petitioner: (1) Failed to file a Federal income tax return, (2) engaged in illegal activities, (3) dealt in cash, (4) failed to keep books and records of his illegal activities, (5) attempted to conceal activities from law enforcement, and (6) failed to make estimated tax payments. Perhaps the best evidence of petitioner's fraudulent intent came straight from his mouth. Petitioner's deceitful conduct and motives were unknowingly documented by secret audio tape, the transcript from which was evidence in this case. Petitioner bragged about the thousands of dollars in cash he made from dealing in drugs and about extravagant cash purchases of gems and a boat. He expressed his desire to get his money offshore to avoid taxes. We are convinced petitioner knew that he owed taxes on his 1986 income and that he intended to evade the tax. The second prong is satisfied for 1986.

Viewing the record as a whole, we are satisfied respondent has met his burden of proving fraud in 1986 and 1987, and we sustain respondent's determination.

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered for respondent</u>.