T.C. Memo. 2000-307

UNITED STATES TAX COURT

FRANK A. LUCA AND SHERRY L. LUCA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15059-97.                    Filed September 27, 2000.

Steven D. Morford, for petitioners.

Ann M. Welhaf, for respondent.


MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before the Court on
respondent's motion to dismiss for lack of prosecution.
Respondent determined deficiencies of $124,429 and $266,217 in
petitioners' Federal income tax for 1993 and 1994, respectively,
and accuracy-related penalties under section 6662(a)[1] of $24,886

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

and $53,243, respectively.[2] The determined deficiencies are largely attributable to respondent's disallowance of all deductions claimed by petitioners on Schedule C, Profit or Loss From Business.[3] Respondent disallowed the claimed deductions on the grounds that the expenses supporting such deductions (1) were not incurred or (2) if incurred, were not paid for ordinary and necessary business purposes.

We shall grant respondent's motion to dismiss for lack of prosecution, and we shall enter a decision against petitioners for the stated deficiencies and penalties. In light of our action, we consider it appropriate to explain the events in this case.

## Background

On July 14, 1997, petitioners filed their petition in this case and requested that the trial be held in Phoenix, Arizona. In addition to being signed by counsel for petitioners, the petition was also executed by each petitioner individually. The address for petitioners listed therein was 8502 East Sutton Drive, Scottsdale, Arizona.

---

[2] Respondent later revised his determination to reflect deficiencies in petitioners' Federal income tax of $121,661 and $256,860 for 1993 and 1994, respectively, and accuracy-related penalties of $24,332 and $51,372, respectively.

[3] Respondent disallowed $314,678 and $424,993 of Schedule C, Profit or Loss From Business, deductions for taxable years 1993 and 1994, respectively.

Trial was originally scheduled to take place during the Court's trial session commencing October 19, 1998. At the calendar call for such trial session, counsel for petitioners submitted an unopposed motion to continue. Through the motion, counsel for petitioners represented to the Court that (1) petitioner Frank A. Luca (Mr. Luca) had been convicted on several counts of fraud on January 5, 1998, and at the time was serving a 160-month sentence in a Federal facility, (2) the whereabouts of petitioner Sherry L. Luca (Ms. Luca) were unknown, and attempts by petitioners' counsel to contact her had been unsuccessful, and (3) Mr. Luca's business records had been seized by the Arizona Attorney General's office. The motion also indicated that there existed 16 boxes of incomplete and unorganized copies of Mr. Luca's business records and further suggested that petitioners could substantiate the disallowed deductions once Mr. Luca had an opportunity to review and organize such copies.[4] We granted the motion to continue, and the trial was rescheduled to take place during the Court's trial session commencing April 19, 1999.

On January 4, 1999, petitioners' counsel filed a motion to withdraw from the case, citing his continued inability to contact Ms. Luca and the lack of cooperation on the part of Mr. Luca.

---

[4] The motion also stated that Mr. Luca had recently undergone coronary artery bypass surgery, and that he had required repeated hospitalization. No documentation of these facts, however, was provided.

The Court ordered each petitioner to respond to counsel's motion by February 10, 1999, and served a copy of such order on each petitioner by certified mail. The copy of the order sent to Ms. Luca was returned with the envelope marked "Undeliverable as Addressed. Forwarding Order Expired".[5]

Mr. Luca responded to the Court's order by letter dated January 21, 1999, in which he informed the Court that he was no longer married to Ms. Luca and that he had no one to assist him in locating the documents necessary to substantiate the disputed deductions. Mr. Luca requested that the case be postponed until he was released from prison and was in a position to obtain his business records. Accordingly, we treated Mr. Luca's response as a motion for continuance.[6]

By order of February 26, 1999, the Court denied counsel's motion to withdraw without prejudice and granted Mr. Luca's motion for continuance insofar as the trial was stricken from the April 19, 1999, trial calendar. The order further required Mr.

---

[5] This copy was sent to the Scottsdale, Arizona, address listed for Ms. Luca on the petition.

[6] Respondent filed a response to Mr. Luca's motion for continuance, in which respondent stated that he had no objection to the motion but requested the Court order Mr. Luca to (1) "diligently undertake all steps that he can reasonably pursue, given his incarceration, to secure the documents by March 31, 1999;" (2) keep respondent informed of his efforts; (3) provide any documents obtained to respondent for review; and (4) provide a status report to the Court every 4 months until the matter is resolved.

Luca to:

> (1) diligently undertake all steps that he can reasonably pursue, given his incarceration, to obtain by April 30, 1999, the documents needed to try this case or settle it; (2) keep respondent informed about the steps he is taking to secure the documents; (3) once the documents are secured, make every effort to organize them and to deliver them to respondent for review; and (4) file a written status report with the Court on or before June 25, 1999.

Respondent was also ordered to file a written status report with the Court by June 25, 1999.

On April 30, 1999, respondent sent Mr. Luca a letter reminding him of his obligations under the Court's order and requesting that he inform respondent of his efforts to secure the necessary documentation. Mr. Luca replied by letter dated May 10, 1999, but his reply merely referenced an attached copy of his above-described motion for continuance. Respondent received no further correspondence from Mr. Luca prior to the due date of the status reports.

On June 22, 1999, respondent filed his status report in which respondent noted his limited correspondence with Mr. Luca and Mr. Luca's apparent lack of success in obtaining the necessary documentation. Respondent further requested that the case be placed on the calendar for the next trial session and that petitioners not be given any further continuances. Mr. Luca failed to file the status report required of him. The Court then ordered the case to be restored to the general docket for trial,

and the case was rescheduled for the Court's June 5, 2000, trial session.

On May 31, 2000, petitioners' counsel filed another motion to continue. In addition to reciting information contained in previous motions, this motion provided that new information regarding the whereabouts of Ms. Luca had been obtained and that an effort to contact her was underway. The motion was calendared for hearing on June 5, 2000. Prior to such hearing, respondent filed a motion to dismiss for lack of prosecution.

At the hearing on the respective motions, the Court was notified that both petitioners' counsel and respondent had attempted to contact Ms. Luca at addresses different from the Scottsdale, Arizona, address listed on the petition. Counsel for petitioners had unsuccessfully attempted to contact Ms. Luca at 2101 West Warm Springs Road, Apartment 3216, Henderson, Nevada, 89014 (Warm Springs address), the address listed for her on petitioners' divorce decree. Respondent had unsuccessfully attempted to contact Ms. Luca at 1457 Harmony Hills Drive, Henderson, Nevada, 89014 (Harmony Hills address), her last known address of record with respondent.

In addition to the addresses described above, the existence of a third potential address for Ms. Luca was mentioned at the hearing. Counsel for petitioners informed the Court that he had received a phone message from Mr. Luca in which Mr. Luca claimed

to have a new address for his former spouse, who (according to Mr. Luca) had remarried and taken the last name of "London".[7] While Mr. Luca did not provide such address on the phone message,[8] petitioners' counsel stated that he expected to have such address within a week and that he would provide it to the Court and respondent at that time.

In addition to information regarding potential addresses for Ms. Luca, counsel for petitioners further represented to the Court that (1) Ms. Luca at one point had possession of the 16 boxes of copied business records, (2) Mr. Luca had been informed by his attorney in the divorce proceeding that Ms. Luca had destroyed such copies, and (3) the records pertaining to Mr. Luca's business (originally seized by the Arizona Attorney General's office) allegedly had been turned over to Federal prosecutors.

At the conclusion of the hearing, the Court continued the case and took respondent's motion to dismiss under advisement. The Court also ordered respondent to serve the motion to dismiss on Ms. Luca using the Warm Springs address. This attempted service by certified mail was returned to respondent as undeliverable with a notation of "Forwarding Order Expired".

---

[7] Petitioners' counsel was unsure of whether Ms. Luca's new last name was spelled "London" or "Londen".

[8] Petitioners' counsel indicated that this failure was due to the time constraints imposed by his answering machine.

On June 27, 2000, the Court ordered petitioners' counsel, Mr. Luca, and Ms. Luca each to file a response to respondent's motion to dismiss on or before July 18, 2000. The Court further required that a copy of such order be served on Mr. Luca, using his address at the Federal prison facility, and on Ms. Luca, using both the Harmony Hills and Warm Springs addresses. Both copies of the order sent to Ms. Luca were returned as undeliverable.[9] Neither Mr. Luca, Ms. Luca, nor petitioners' counsel filed the required response to the motion to dismiss. Furthermore, the Court was never provided with details of the third potential address for Ms. Luca to which counsel for petitioners alluded at the hearing.

## Discussion

Respondent's deficiency determinations are entitled to a presumption of correctness, and the burden is on petitioners to prove that the determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Similarly, petitioners carry the burden of proving that they are not liable for the section 6662(a) accuracy-related penalties at issue. See Rule 142(a); Compaq Computer Corp. v. Commissioner, 113 T.C. 214, 226 (1999).

Rule 123(b) provides for dismissal of a case when a taxpayer

---

[9] The copy sent to the Harmony Hills address was marked "Unclaimed", while the copy sent to the Warm Springs address was marked "Forwarding Order Expired".

fails properly to prosecute his or her case, fails to comply with the Court's Rules or any order of the Court, or for other cause which the Court deems sufficient.  Dismissal of a case is a sanction resting in the discretion of the trial court.  See Levy v. Commissioner, 87 T.C. 794, 803 (1986).  In determining whether dismissal under Rule 123(b) is appropriate, the Court must balance two potentially rival considerations:  "the policy in favor of having cases heard on their merits with the policy in favor of avoiding harassment to the defending party arising from unjustifiable delay."  Freedson v. Commissioner, 67 T.C. 931, 935 (1977), affd. 565 F.2d 954 (5th Cir. 1978).  Given the varied circumstances faced by petitioners in this case and their subsequent divorce, we analyze the motion to dismiss separately with respect to each.

Motion To Dismiss as to Petitioner Sherry L. Luca

The balance of the considerations in this case inclines against Ms. Luca.  Having executed the petition which commenced this proceeding, she was clearly aware of the existence of the present litigation.  Signing the petition, however, appears to have been Ms. Luca's only effort to prosecute the matter. Although represented by counsel, Ms. Luca not only failed to provide her counsel with information necessary for him to prosecute the case on her behalf; she failed to correspond with him whatsoever.  She further neglected to provide her counsel

with an updated address at which she could be reached.  Based on the record before us, we are satisfied that Ms. Luca has no intention of prosecuting this case.  We shall therefore grant respondent's motion to dismiss as to her.

Motion To Dismiss as to Petitioner Frank A. Luca

The balancing of considerations with respect to Mr. Luca is admittedly more difficult.  Mr. Luca has been incarcerated during the principal part of the litigation herein, and records necessary for him to substantiate the deductions at issue are allegedly in the custody of prosecutorial authorities.  We note, however, that incarceration does not alleviate the taxpayer of his or her burden of prosecuting a case before this Court.  See Gray v. Commissioner, T.C. Memo. 1989-666; Taylor v. Commissioner, T.C. Memo. 1989-186; Amato v. Commissioner, T.C. Memo. 1977-305.

The Court has been cognizant of Mr. Luca's predicament, as evidenced by the continuances that have been granted thus far.  Nonetheless, the Court has made it clear that it is not willing to continue the case indefinitely.  Rather, we have ordered Mr. Luca to "diligently undertake all steps that he can reasonably pursue, given his incarceration," to obtain the documents necessary to try or settle the case, and to report to the Court regarding his efforts.  Given that Mr. Luca has demonstrated his ability to communicate in writing with the Court and respondent,

at a minimum we would have expected Mr. Luca to provide us with copies of correspondence to authorities allegedly in possession of his business records. Instead, Mr. Luca failed to file the required status report, and we have no indication that Mr. Luca has undertaken any efforts to obtain the documentation necessary to support his case. In addition, Mr. Luca failed to comply with our order that he respond to the motion to dismiss presently before us.

While a taxpayer has an interest in having his or her case heard on the merits, the Commissioner has the right to obtain judicial resolution of tax disputes within a reasonable period of time. See Freedson v. Commissioner, supra at 935. As this case heads into its fourth year before the Court, respondent's interest in obtaining a resolution of the tax liabilities at issue becomes increasingly compelling.

In balancing the interests of Mr. Luca against those of respondent, we find that the considerations in this case favor respondent. Simply put, Mr. Luca has not provided the Court with any indication that he intends to move this case forward in the foreseeable future. The remedy of dismissal is admittedly harsh, but we see no alternative that will adequately protect the interests of respondent. "Although a court must explore meaningful alternatives prior to dismissing a case, it need not always exhaust every sanction short of dismissal before final

action." <u>Edelson v. Commissioner</u>, 829 F.2d 828, 831 (9th Cir. 1987), affg. T.C. Memo. 1986-223.  Accordingly, we shall grant respondent's motion to dismiss as to Mr. Luca as well.

To reflect the foregoing,

<u>An appropriate order of dismissal and decision will be entered</u>.