T.C. Summary Opinion 2001-93

UNITED STATES TAX COURT

JOHN AWADALLAH AND SUSAN MALATY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3734-00S.                    Filed June 25, 2001.

John Awadallah, pro se.

<u>Ross M. Greenberg</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' 1996 Federal income tax in the amount of $7,566. The issue for decision[1] is whether John Awadallah (hereinafter petitioner) is entitled to various Schedule C deductions in excess of the amounts allowed by respondent.

Some of the facts have been stipulated, and they are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioners resided in Oldsmar, Florida.

Background

Petitioner graduated in 1993 from pharmacy school. Shortly thereafter, petitioner passed the New York State licensing examination for pharmacists. Petitioner worked full time as a pharmacist for Walgreen's in 1995 and 1996.

In 1995, petitioner consulted with his accountant, Nassaat Antonious (Mr. Antonious), to create a side business. Petitioner established a tutoring activity in which he assisted students in

---

[1] The notice of deficiency contains an adjustment to petitioner's employment tax. This is a computational adjustment which will be affected by the outcome of the other issues to be decided, and we do not separately address it.

Petitioner Susan Malaty (Ms. Malaty) did not appear at trial and did not execute the stipulation of facts. Accordingly, the Court will dismiss this action as to her pursuant to respondent's oral motion to dismiss for lack of prosecution. See Rule 123(b), Tax Court Rules of Practice and Procedure; Basic Bible Church v. Commissioner, 86 T.C. 110, 114 (1986). However, the decision will be entered as to Ms. Malaty consistent with the decision entered as to petitioner John Awadallah.

preparing for the New York State licensing examination for pharmacists.

Petitioner charged students $25 to $35 per hour. Students paid cash for the tutoring sessions. Petitioner conducted his activity in a one-bedroom apartment he rented from his father, Samir Awadallah (Mr. Awadallah), in the Richmond Hill section of Brooklyn, New York. Petitioner paid Mr. Awadallah monthly in cash for use of the apartment and utilities. The apartment did not have a telephone, and the apartment was otherwise unoccupied. Petitioner did not maintain books and records for the activity.

Petitioner's mother, Mariem Awadallah (Ms. Awadallah), performed some secretarial and administrative services for the tutoring activity. Petitioner paid Ms. Awadallah weekly or monthly in cash. Petitioner's students contacted Ms. Awadallah, who arranged his schedule. Ms. Awadallah performed other duties, such as copying documents and purchasing materials for repairs to the apartment.

For tax year 1995, petitioner reported on Schedule C, Profit or Loss From Business, gross receipts of $4,200 and total expenses of $22,707. For tax year 1996, petitioner reported on Schedule C gross receipts of $10,246. Petitioner reported expenses on Schedule C for tax year 1996 as follows:

| Expense | Amount |
| --- | --- |
| Legal and professional | $9,847 |
| Rent or lease | 12,120 |
| Repairs and maintenance | 463 |
| Supplies | 146 |
| | 22,576 |

Petitioner terminated the tutoring activity at the end of 1996.

Respondent, in his notice of deficiency, disallowed all of the deductions reported on Schedule C. Respondent asserted that the expenses were not paid or incurred, and that the expenses were not ordinary and necessary. At trial, respondent further contended that, if petitioner is able to substantiate the expenses, part of the expenses should be disallowed under section 183.

Discussion

A. General

The record in this case is confused, disorganized, and fraught with inconsistent assertions and theories. The truth in this case is elusive. Of concern is that petitioner operated an activity in cash, maintained no books and records, yet reported specific amounts of income and deductions. Petitioner and his accountant have failed to provide sufficient detail as to expenditures. While we conclude that petitioner tutored some students, the vague testimony makes it impossible to determine the nature and extent of petitioner's activities. While petitioner was generally credible, we are satisfied that the

preparation of the return and testimony by petitioner's accountant bear little relationship to reality.

While the record in this case has made fact finding difficult, we nevertheless have carefully reviewed this record to analyze the issues and make findings and conclusions.

B. Schedule C Expenses

Section 162(a) permits a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. An expense must be directly connected with, or proximately result from, a trade or business of the taxpayer. See Kornhauser v. United States, 276 U.S. 145, 153 (1928); O'Malley v. Commissioner, 91 T.C. 352, 361 (1988). Expenses that are personal in nature are generally not allowed as deductions. See sec. 262(a). Deductions are a matter of legislative grace, and taxpayers must comply with the specific requirements for any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

A taxpayer is required to maintain records sufficient to establish the amount of his income and deductions. See sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. A taxpayer must substantiate his deductions by maintaining sufficient books and records to be entitled to a deduction under section 162(a).

When a taxpayer establishes that he has incurred a deductible expense but is unable to substantiate the exact amount, we are, in some circumstances, permitted to estimate the deductible amount. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We can estimate the amount of the deductible expense only when the taxpayer provides evidence sufficient to establish a rational basis upon which the estimate can be made. See Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Petitioner did not keep books and records for his tutoring activity. Other than receipts for the repairs and maintenance of the apartment, the only documentary evidence produced by petitioner were his and his parents' Federal income tax returns for 1995 and 1996. Mr. Antonious testified that we should rely on the unsigned returns of petitioner's parents as credible evidence of payment. We are not required to rely on petitioner's and Mr. Antonious' self-serving testimony and documents. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). A taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the deduction or exclusion claimed by a taxpayer. See Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957); Halle v. Commissioner, 7 T.C. 245 (1946), affd. 175 F.2d 500 (2d Cir. 1949). Therefore, petitioner failed to substantiate the rent, supplies, and legal and secretarial expenses. Even if petitioner paid his parents, the payments do

not qualify as trade or business expenses.  Further, the amounts for repairs and maintenance do not qualify as trade or business expenses, as petitioner incurred the expenses to improve his father's property.

Transactions among family members that result in the distribution of income within a family unit "are subject to the closest scrutiny."  Van Zandt v. Commissioner, 40 T.C. 824, 830 (1963), affd. 341 F.2d 440 (5th Cir. 1965); Coombs v. Commissioner, T.C. Memo. 1984-366.  A transaction that is entered into solely for the purpose of tax reduction and that has no economic or commercial objective to support it is a sham and without effect for Federal income tax purposes.  See Rice's Toyota World, Inc. v. Commissioner, 81 T.C. 184 (1983), affd. in part and revd. in part 752 F.2d 89 (4th Cir. 1985).

Petitioner lacked a business purpose in making payments to his parents.  Rather, the three principal purposes in this financial arrangement were to assist his parents financially, permit his parents to claim the earned income credit, and reduce his own tax burden.

Petitioner's testimony indicates that a primary reason for hiring his mother was to assist his parents:

> THE COURT:  So either the gross receipts are underreported or the expenses are overreported.  That's the reasonable man conclusion, and you've got some burden here to show what it is, why I should accept those numbers.

THE WITNESS:  Got you.  A very good point at hand. Actually, when my accountant was showing me the figures, I was quite astonished with that.  The only reasoning behind the legal and professional fees as you specified is at the time I basically -- my parents had financial trouble as far as money was concerned and with the building that I was in, et cetera.

So unfortunately, I wound up paying her quite a bit more than I would anyone else to try to -- so that I can try to resolve their issues. * * *

Regarding the rental property, petitioner indicated that he rented the apartment to assist his family.  Petitioner testified that he "enjoyed helping the students and at the same time not only was I helping the students but I was helping my parents. * * * It was just something I was out to do to help students and help my family."

As to the earned income credit, the money paid by petitioner to his mother accounted for over 95 percent of his parents' gross income.  Ms. Awadallah's salary allowed her and Mr. Awadallah to claim the earned income tax credit under section 32, resulting in a refund of $761 for 1996.  Mr. Antonious also prepared Mr. and Ms. Awadallah's joint income tax return, and his testimony indicates that he planned the transactions so they could claim the credit under section 32.

Petitioner generated losses in both 1995 and 1996 which reduced his gross income and effectively lowered his tax liability.  We conclude that the expenses here at issue, if

actually paid, are personal expenses and not deductible trade and business expenses under section 162.

In reaching our holdings herein, we have considered all arguments made, and to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.[2]

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

> Decision will be entered for respondent as to petitioner John Awadallah, and an order of dismissal and decision will be entered as to petitioner Susan Malaty.

---

[2] Petitioner contends that the burden of proof should rest with respondent pursuant to sec. 7491(a). Petitioner failed to comply with the requirements of sec. 7491(a)(2), such as maintaining records. Therefore, the burden of proof remains with petitioner. See Higbee v. Commissioner, 116 T.C. __ (2001).